## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | |
|---|---|
| GESTURE TECHNOLOGY PARTNERS, LLC, | Case No. 6:21-cv-00121-ADA |
|       Plaintiff, | |
| v. | **<u>Jury Trial Demanded</u>** |
| APPLE INC., | |
|       Defendant. | |

## DEFENDANT APPLE INC.'S ANSWER TO ORIGINAL COMPLAINT
## FOR PATENT INFRINGEMENT

Defendant Apple Inc. ("Apple") answers Plaintiff Gesture Technology Partners, LLC's ("Plaintiff" or "Gesture") Original Complaint for Patent Infringement ("Complaint") as follows.

### PARTIES

1.      Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 of the Complaint, and therefore denies them.

2.      Apple admits the allegations in Paragraph 2 of the Complaint, but denies that venue in this District is convenient.  Apple reserves the right to seek transfer to a more appropriate or convenient forum.

### JURISDICTION AND VENUE

3.      Apple repeats and incorporates each and every response to the allegations in Paragraphs 1-2 as if fully set forth herein.

4.      Apple admits that Plaintiff's Complaint purports to arise under the United States patent laws.  Apple admits that this Court has subject matter jurisdiction over patent law claims. Apple denies infringement and any and all relief Plaintiff is seeking.

WEST\293491749.1

5. Apple does not contest at this time, and solely for the purpose of the present litigation, whether venue over it properly lies in this District, but Apple denies that venue in this District is convenient and Apple reserves the right to seek transfer to a more appropriate or convenient forum. The remaining allegations in Paragraph 5 constitute conclusions of law and no response of Apple is required; to the extent an answer is required, Apple denies the allegations.

6. Apple does not contest at this time, and solely for the purpose of the present litigation, whether Apple is subject to this Court's specific and general personal jurisdiction. The remaining allegations in Paragraph 6 constitute conclusions of law and no response of Apple is required; to the extent an answer is required, Apple denies the allegations.

7. Apple admits that it sells and offers for sale its products and services, including those accused in the Complaint, to customers and potential customers in Texas, including in this District. The remaining allegations in Paragraph 7 constitute conclusions of law and no response of Apple is required; to the extent an answer is required, Apple denies the allegations. Apple also denies that venue in this District is convenient, and Apple reserves the right to seek transfer to a more appropriate or convenient forum.

8. Apple admits that it has a retail store at 2901 S. Capital of Texas Highway, Austin, Texas 78746 and that Apple may be served with process through a registered agent for service in Texas by way of CT Corporation System at 1999 Bryant Street, Suite 900, Dallas, Texas 75201. Whether such facilities constitute a "regular and established place of business in this District" involves a question of statutory interpretation, and thus, Apple denies that allegation and the remaining allegations in Paragraph 8 of the Complaint.

9. Apple denies the allegations of Paragraph 9 of the Complaint.

10.     Apple admits that the Apple press release dated December 13, 2018 states that the company's facilities in Austin at the time "accommodate[d] 6,200 staff," but denies that witnesses with relevant knowledge are located in this District.  Apple denies the remaining allegations of Paragraph 10.  Apple further denies that venue in this District is convenient, and Apple reserves the right to seek transfer to a more appropriate or convenient forum.

11.     Apple admits that the Apple press release dated November 20, 2019 states that the company's Austin facility at the time employed approximately 7,000 individuals, but denies that witnesses with relevant knowledge are located in this District.  Apple denies the remaining allegations of Paragraph 11 of the Complaint.  Apple further denies that venue in this District is convenient, and Apple reserves the right to seek transfer to a more appropriate or convenient forum.

## THE TECHNOLOGY

12.     Apple repeats and incorporates each and every response to the allegations in Paragraphs 1-11 as if fully set forth herein.

13.     Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 of the Complaint, and therefore denies them.

14.     Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14 of the Complaint, and therefore denies them.

15.     Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15 of the Complaint, and therefore denies them.

16.     Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16 of the Complaint, and therefore denies them.

17.     Apple denies the allegations of Paragraph 17 of the Complaint.

18.     Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18 of the Complaint, and therefore denies them.

## DISCUSSIONS WITH APPLE

19.     Apple denies the allegations of Paragraph 19 of the Complaint.

20.     Apple admits that it purchased patents from Dr. Pryor in the past, but denies the remaining allegations of Paragraph 20 of the Complaint.

21.     Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21 of the Complaint, and therefore denies them.

22.     Apple denies the allegations of Paragraph 22 of the Complaint.

23.     Apple admits that Apple sent a letter to Dr. Pryor's counsel on December 5, 2016 but denies the remaining allegations of Paragraph 23 of the Complaint.

24.     Apple denies the allegations of Paragraph 24 of the Complaint.

25.     Apple denies infringement and any and all relief Plaintiff is seeking, and on that basis, denies the allegations of Paragraph 25 of the Complaint.

## THE ACCUSED PRODUCTS

26.     Apple repeats and incorporates each and every response to the allegations in Paragraphs 1-25 as if fully set forth herein.

27.     Apple denies the allegations of Paragraph 27 of the Complaint.

## EXAMPLES OF APPLE'S MARKETING OF THE ACCUSED FEATURES

28.     Apple is unable to determine from the description in Paragraph 28 the precise features to which Plaintiff is referring, and therefore denies the allegations in Paragraph 28 of the Complaint.

29.     Apple denies the allegations of Paragraph 29 of the Complaint.

- 4 -

30.     Apple admits that it offers a Face ID feature, but denies that this feature infringes any claim of the Asserted Patents or that Plaintiff is entitled to any of the relief it seeks.  Apple denies the remaining allegations of Paragraph 30 of the Complaint.

31.     Apple admits that it offers a Face ID feature, but denies that this feature infringes any claim of the Asserted Patents or that Plaintiff is entitled to any of the relief it seeks.  Apple denies the remaining allegations of Paragraph 31 of the Complaint.

32.     Apple admits that it offers a Smart HDR feature, but denies that this feature infringes any claim of the Asserted Patents or that Plaintiff is entitled to any of the relief it seeks. Apple denies the remaining allegations of Paragraph 32 of the Complaint.

33.     Apple admits that it offers an Attention Aware feature, but denies that this feature infringes any claim of the Asserted Patents or that Plaintiff is entitled to any of the relief it seeks. Apple denies the remaining allegations of Paragraph 33 of the Complaint.

### COUNT I
### [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 8,194,924

34.     Apple repeats and incorporates each and every response to the allegations in Paragraphs 1-33 as if fully set forth herein.

35.     Apple admits that U.S. Patent No. 8,194,924 (the "'924 patent") lists the issue date on the face of the patent as June 5, 2012 and that what appears on its face to be a copy of the '924 patent is attached to the Complaint as Exhibit A.  Apple denies that the '924 patent was properly issued.  Apple is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 35 of the Complaint, and therefore denies them.

36.     Apple admits that the '924 patent is titled "Camera Based Sensing in Handheld, Mobile, Gaming or Other Devices."  Apple denies the remaining allegations of Paragraph 36 of the Complaint.

37.     Apple denies the allegations of Paragraph 37 of the Complaint.

38.     Apple denies the allegations of Paragraph 38 of the Complaint.

39.     Apple denies the allegations of Paragraph 39 of the Complaint.

40.     Apple denies the allegations of Paragraph 40 of the Complaint.

41.     Apple denies the allegations of Paragraph 41 of the Complaint.

42.     Apple denies the allegations of Paragraph 42 of the Complaint.

43.     Apple denies the allegations of Paragraph 43 of the Complaint.

44.     Apple denies the allegations of Paragraph 44 of the Complaint.

45.     Apple denies the allegations of Paragraph 45 of the Complaint.

46.     Apple denies the allegations of Paragraph 46 of the Complaint.

47.     Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 47 of the Complaint, and therefore denies them.

48.     Apple denies the allegations of Paragraph 48 of the Complaint.

49.     Apple denies the allegations of Paragraph 49 of the Complaint.

## COUNT II
## [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 7,933,431

50.     Apple repeats and incorporates each and every response to the allegations in Paragraphs 1-49 as if fully set forth herein.

51.     Apple admits that U.S. Patent No. 7,933,431 (the "'431 patent") lists the issue date on the face of the patent as April 26, 2011 and that what appears on its face to be a copy of the '431 patent is attached to the Complaint as Exhibit B.  Apple denies that the '431 patent was properly issued.  Apple is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 51 of the Complaint, and therefore denies them.

WEST\293491749.1

52.     Apple admits that the '431 patent is titled "Camera Based Sensing in Handheld, Mobile, Gaming or Other Devices."  Apple denies the remaining allegations of Paragraph 52 of the Complaint.

53.     Apple denies the allegations of Paragraph 53 of the Complaint.

54.     Apple denies the allegations of Paragraph 54 of the Complaint.

55.     Apple denies the allegations of Paragraph 55 of the Complaint.

56.     Apple denies the allegations of Paragraph 56 of the Complaint.

57.     Apple denies the allegations of Paragraph 57 of the Complaint.

58.     Apple denies the allegations of Paragraph 58 of the Complaint.

59.     Apple denies the allegations of Paragraph 59 of the Complaint.

60.     Apple denies the allegations of Paragraph 60 of the Complaint.

61.     Apple denies the allegations of Paragraph 61 of the Complaint.

62.     Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 62 of the Complaint, and therefore denies them.

63.     Apple denies the allegations of Paragraph 63 of the Complaint.

64.     Apple denies the allegations of Paragraph 64 of the Complaint.

### COUNT III
### [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 8,878,949

65.     Apple repeats and incorporates each and every response to the allegations in Paragraphs 1-64 as if fully set forth herein.

66.     Apple admits that U.S. Patent No. 8,878,949 (the "'949 patent") lists the issue date on the face of the patent as November 4, 2014 and that what appears on its face to be a copy of the '949 patent is attached to the Complaint as Exhibit C.  Apple denies that the '949 patent was

WEST\293491749.1

properly issued.  Apple is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 66 of the Complaint, and therefore denies them.

67.     Apple admits that the '949 patent is titled "Camera Based Interaction and Instruction."  Apple denies the remaining allegations of Paragraph 67 of the Complaint.

68.     Apple denies the allegations of Paragraph 68 of the Complaint.

69.     Apple denies the allegations of Paragraph 69 of the Complaint.

70.     Apple denies the allegations of Paragraph 70 of the Complaint.

71.     Apple denies the allegations of Paragraph 71 of the Complaint.

72.     Apple denies the allegations of Paragraph 72 of the Complaint.

73.     Apple denies the allegations of Paragraph 73 of the Complaint.

74.     Apple denies the allegations of Paragraph 74 of the Complaint.

75.     Apple denies the allegations of Paragraph 75 of the Complaint.

76.     Apple denies the allegations of Paragraph 76 of the Complaint.

77.     Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 77 of the Complaint, and therefore denies them.

78.     Apple denies the allegations of Paragraph 78 of the Complaint.

79.     Apple denies the allegations of Paragraph 79 of the Complaint.

**COUNT IV**
**[ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 8,553,079**

80.     Apple repeats and incorporates each and every response to the allegations in Paragraphs 1-79 as if fully set forth herein.

81.     Apple admits that U.S. Patent No. 8,553,079 (the "'079 patent") lists the issue date on the face of the patent as October 8, 2013 and that what appears on its face to be a copy of the '079 patent is attached to the Complaint as Exhibit D.  Apple denies that the '079 patent was

properly issued.  Apple is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 81 of the Complaint, and therefore denies them.

82.     Apple admits that the '079 patent is titled "More Useful Man Machine Interfaces and Applications."  Apple denies the remaining allegations of Paragraph 82 of the Complaint.

83.     Apple denies the allegations of Paragraph 83 of the Complaint.

84.     Apple denies the allegations of Paragraph 84 of the Complaint.

85.     Apple denies the allegations of Paragraph 85 of the Complaint.

86.     Apple denies the allegations of Paragraph 86 of the Complaint.

87.     Apple denies the allegations of Paragraph 87 of the Complaint.

88.     Apple denies the allegations of Paragraph 88 of the Complaint.

89.     Apple denies the allegations of Paragraph 89 of the Complaint.

90.     Apple denies the allegations of Paragraph 90 of the Complaint.

91.     Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 91 of the Complaint, and therefore denies them.

92.     Apple denies the allegations of Paragraph 92 of the Complaint.

93.     Apple denies the allegations of Paragraph 93 of the Complaint.

94.     Apple denies the allegations of Paragraph 94 of the Complaint.

## JURY DEMAND

The Jury Demand requires no response.

## PRAYER FOR RELIEF

The Prayer for Relief requires no response.  To the extent any response is required, Apple denies that Plaintiff should be granted any of the relief requested.

WEST\293491749.1

## **GENERAL DENIAL**

To the extent any allegations in the Complaint are not specifically admitted, Apple denies them.

## **AFFIRMATIVE DEFENSES**

Subject to the responses above, Apple alleges and asserts the following defenses in response to the allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. In addition to the defenses described below, subject to its responses above, Apple reserves the right to modify, amend, and/or expand upon these defenses as discovery proceeds, and to allege additional defenses that become known through the course of discovery.

### **FIRST AFFIRMATIVE DEFENSE**
### **(Failure to State a Claim)**

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### **SECOND AFFIRMATIVE DEFENSE**
### **(Invalidity)**

The Asserted Patents are invalid for failure to satisfy the conditions of patentability as specified under one or more sections of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and 112.

### **THIRD AFFIRMATIVE DEFENSE**
### **(Non-Infringement)**

Apple does not and has not infringed any valid claim of any of the Asserted Patents either directly, by way of inducement, literally, willfully, and/or under the doctrine of equivalents.

### **FOURTH AFFIRMATIVE DEFENSE**
### **(Express/Implied License and/or Patent Exhaustion)**

Apple and/or its customers cannot be held liable for infringement because Apple's Accused Products were made, used, sold, offered for sale, or imported into the United States under an

- 10 -

express and/or implied license from Plaintiff and/or its affiliates and/or another licensed third party and/or its privies, or Plaintiff has exhausted its rights in the Asserted Patents as to the Apple Accused Products.

### FIFTH AFFIRMATIVE DEFENSE
### (Limitation on Damages)

Plaintiff's claims for damages for infringement of the Asserted Patents are limited pursuant to 35 U.S.C. § 286.

### SIXTH AFFIRMATIVE DEFENSE
### (Patent Marking)

Plaintiff's claims for damages for infringement of the Asserted Patents are limited by 35 U.S.C. § 287 to those damages occurring only after notice of infringement.

### SEVENTH AFFIRMATIVE DEFENSE
### (Prosecution History Estoppel)

By reason of the proceedings in the U.S. Patent and Trademark Office during the prosecution of the applications which resulted in the issuance of the Asserted Patents, Plaintiff is estopped from claiming a construction of one or more claims of the Asserted Patents that would cause any valid claim thereof to cover or include any product manufactured, used, sold, offered for sale, or imported by Apple.

### EQUITABLE DEFENSES

Plaintiff's claims are barred in whole or in part under principles of equity, including without limitation, unclean hands, patent misuse, waiver, estoppel, disclaimer, and inequitable conduct.

### PRAYER FOR RELIEF

WHEREFORE, Defendant Apple prays for relief as follows:

WEST\293491749.1

A.      That Plaintiff's Complaint against Apple be dismissed in its entirety with prejudice and that a judgment be entered in favor of Apple and against Plaintiff;

B.      That Plaintiff take nothing by reason of its Complaint;

C.      That the Court enter an order under 35 U.S.C. § 285, awarding Apple its reasonable attorney's fees and costs of suit incurred in this litigation, as Plaintiff's conduct as set forth above renders this an exceptional case; and

E.      That Apple be granted all such other and further relief as the Court deems just and proper.

## JURY DEMAND

Apple demands a trial by jury on all claims and defenses so triable.

Dated:  March 29, 2021                          Respectfully submitted,

*/s/ John M. Guaragna*
John M. Guaragna
Texas Bar No 24043308
DLA PIPER LLP (US)
401 Congress Avenue, Suite 2500
Austin, TX  78701-3799
Tel: 512.457.7125
Fax: 512.457.7001
john.guaragna@us.dlapiper.com

Sean Cunningham (*pro hac vice*)
Catherine Huang (*pro hac vice*)
DLA PIPER LLP (US)
401 B Street, Suite 1700
San Diego, CA  92101-4297
Tel:  619.699.2700
Fax:  619.699.2701
sean.cunningham@us.dlapiper.com
catherine.huang@us.dlapiper.com

Michael D. Jay (*pro hac vice*)
DLA PIPER LLP (US)

WEST\293491749.1

2000 Avenue of the Stars
Suite 400 North Tower
Los Angeles, CA  90067
Tel:  310.595.3000
Fax:  310.595.3300
michael.jay@us.dlapiper.com

Christopher Deck (*pro hac vice*)
DLA PIPER LLP (US)
33 Arch Street, 26th Floor
Boston, MA  02110-1447
Tel:  617.406.6000
Fax:  617.406.6100

ATTORNEYS FOR DEFENDANT
APPLE INC.

- 13 -

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 29th day of March 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing via electronic mail to all counsel of record.  Any other counsel of record will be served by first class U.S. mail.

*/s/ John M. Guaragna*
John M. Guaragna

WEST\293491749.1