# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | |
|---|---|
| GESTURE TECHNOLOGY PARTNERS, LLC,<br><br>         Plaintiff,<br><br>v.<br><br>APPLE INC.<br><br>         Defendant. | Case No. 6:21-cv-00121-ADA<br><br>**JURY TRIAL DEMANDED** |

## APPLE INC.'S OPPOSED MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a)

# TABLE OF CONTENTS

**Page**

I.  INTRODUCTION ...................................................................................................1

II. FACTS ....................................................................................................................2

    A.  Plaintiff Gesture ..........................................................................................2

    B.  Defendant Apple .........................................................................................3

III. LEGAL STANDARD ............................................................................................4

IV. THE NORTHERN DISTRICT OF CALIFORNIA IS CLEARLY THE MORE CONVENIENT VENUE FOR THIS CASE. .........................................................6

    A.  This Case Could Have Been Brought In NDCA. ........................................6

    B.  The Private Interest Factors Favor Transfer to NDCA. ..............................6

        1.  The Relative Ease Of Access To Sources Of Proof Strongly Favors Transfer. .........................................................................................6

        2.  The Availability Of Compulsory Process Favors Transfer. ............8

        3.  The Attendance Of Willing Witnesses Strongly Favors Transfer. ..............9

        4.  The "All Other Practical Problems" Factor Is Neutral Or Slightly Favors Transfer. .........................................................................12

    C.  The Public Interest Factors Favor Transfer To NDCA. ............................13

        1.  The Administrative Difficulties Flowing From Court Congestion Factor Favors Transfer To NDCA. .............................................13

        2.  The Local Interest Factor Strongly Favors Transfer To NDCA. .............14

        3.  Familiarity With The Governing Law And Conflicts Of Law Are Neutral Factors. .........................................................................15

V.  CONCLUSION ....................................................................................................15

WEST\293834945.2

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Acer America Corp.*,
  626 F.3d 1252 (Fed. Cir. 2010) ..........................................................................................10

*Aguilar-Ayala v. Ruiz*,
  973 F.2d 411 (5th Cir. 1992) ................................................................................................9

*In re Apple Inc.*,
  979 F.3d 1332 (Fed. Cir. 2020) ............................................................................................6

*In re: Apple Inc.*,
  No. 2020-127, 2020 WL 3249953 (Fed. Cir. 2020) ..........................................................5, 9

*In re Apple, Inc.*,
  581 F. App'x 886 (Fed. Cir. 2014) ....................................................................................5, 10

*Auto-Dril, Inc. v. Nat'l Oilwell Varco, L.P.*,
  No. 6:15-cv-00091, 2016 WL 6909479 (W.D. Tex. Jan. 28, 2016) ...................................5, 9

*Ret. Sys. ex rel. BP P.L.C. v. Hayward*,
  508 F. App'x 293 (5th Cir. 2013) ..........................................................................................7

*CloudofChange, LLC v. NCR Corp.*,
  No. 6:19-cv-00513, 2020 WL 6439178 (W.D. Tex. Mar. 17, 2020) ......................................6

*Collaborative Agreements, LLC. v. Adobe Sys. Inc.*,
  No. 1-14-CV-356, 2015 WL10818739 (W.D. Tex. Aug. 21, 2015) ........................................7

*DataQuill, Ltd. v. Apple Inc.*,
  No. 13-ca-706, 2014 WL 2722201 (W.D. Tex. June 13, 2014) ............................................14

*Datascape, Ltd. v. Dell Techs., Inc.*,
  No. 6:19-cv-00129-ADA, 2019 WL 4254069 (W.D. Tex. June 7, 2019) ........................11, 14

*Gemalto S.A. v. CPI Card Grp. Inc.*,
  No. 15-CA-0910, 2015 WL 10818740 (W.D. Tex. Dec. 16, 2015) ........................................9

*In re Genentech, Inc*.
  566 F.3d 1338 (Fed. Cir. 2009) ................................................................................ *passim*

*In re Google Inc.*,
  No. 2017-107, 2017 WL 977038 (Fed. Cir. Feb. 23, 2017) .............................................9, 12

## TABLE OF AUTHORITIES
### (continued)

**Page(s)**

*In re Hoffman-La Roche, Inc.*,
    587 F.3d 1333 (Fed. Cir. 2009)........................................................................................9, 14

*In re HP Inc.*,
    No. 2018-149, 2018 WL 4692486 (Fed. Cir. Sept. 25, 2018) ...........................................6, 10

*MasterObjects, Inc. v. Facebook, Inc.*,
    No. 6:20-cv-00087-ADA, ECF No. 86 (W.D. Tex. July 13, 2021)........................................10

*In re Nintendo Co., Ltd.*,
    589 F.3d 1194 (Fed. Cir. 2009)...........................................................................................5

*Peak Completion Techs., Inc. v. I-TEC Well Solutions, LLC*,
    No. A-13-cv-086-LY, 2013 WL 12121002 (W.D. Tex. June 26, 2013) ...............................11

*Polaris Innovations Ltd. v. Dell, Inc.*,
    No. 16-CV-451, 2016 WL 7077069 (W.D. Tex. Dec. 5, 2016) ........................................7, 11

*In re Samsung Elecs. Co., Ltd.*,
    No. 2021-139, 2021 WL 2672136 (Fed. Cir. June 30, 2021) ...........................................11, 12

*In re Toyota Motor Corp.*,
    747 F.3d 1338 (Fed. Cir. 2014)...........................................................................................5

*In re TS Tech USA Corp.*,
    551 F.3d. 1315 (Fed. Cir. 2008).................................................................................6, 10, 15

*In re Uber Techs.*,
    No. 2021-150, 2021 WL 2834574 (Fed. Cir. July 8, 2021)...................................................11

*Uniloc USA, Inc. v. Apple Inc.*,
    No. A-18-CV-990-LY, 2019 WL 2066121 (W.D. Tex. Apr. 8, 2019).............................7, 11

*Uniloc USA Inc. v. Box, Inc.*,
    No. 1:17-CV-754-LY, 2018 WL 2729202 (W.D. Tex. June 6, 2018)....................................7

*Via Vadis, LLC v. Netgear, Inc.*,
    No. 14-cv-809, 2015 WL 10818675 (W.D. Tex. July 30, 2015)..........................................11

*In re Volkswagen AG*,
    371 F.3d 201 (5th Cir. 2004) ....................................................................................5, 6, 10

*In re Volkswagen of Am., Inc.*,
    545 F.3d 304 (5th Cir. 2008) ..................................................................................... *passim*

## TABLE OF AUTHORITIES
### (continued)

**Page(s)**

*Wet Sounds, Inc. v. Audio Formz, LLC*,
   No. 17-cv-141, 2017 WL 4547916 (W.D. Tex. Oct. 11, 2017)..........................................11, 14

*XY, LLC v. Trans Ova Genetics, LC*,
   No. 16-ca-00447, 2017 WL 5505340 (W.D. Tex. Apr. 5, 2017) .............................................7

**Statutes**

28 U.S.C. § 1400(b) ..........................................................................................................6

28 U.S.C. § 1404(a) .......................................................................................................4, 12

**Other Authorities**

Fed. R. Civ. P. 45(c)(1)(A) ...............................................................................................9

Fed. R. Civ. P. 45(c)(1)(B) ...............................................................................................9

WEST\293834945.2

## I.      INTRODUCTION

This case is a patent infringement dispute between an Ohio corporation and a California corporation, with no connection whatsoever to this District or even to Texas.  Under a straightforward application of the *Volkswagen* factors, this case should be transferred to the Northern District of California because it is the clearly more convenient venue.

Indeed, all of the key factors favor transfer and none favor keeping this case in this District.  For example:

- The plaintiff, Gesture Technology Partners, has no known connection to this District or to Texas;

- Apple is headquartered in NDCA;

- The key sources of proof are in NDCA, and none are in Texas;

- Based on Apple's understanding of plaintiff's complaint and preliminary infringement contentions, Apple has identified at least ten potential party witnesses in NDCA, and none in Texas;

- NDCA has a local interest in this case because Apple is based there, and the accused features were predominantly developed there; and

- This case is in its early stages with discovery stayed and the *Markman* hearing more than six months away.

To be clear, the most critical factor in the transfer analysis, the location of relevant witnesses, strongly supports transfer, because there are numerous such witnesses in NDCA and none in this District or elsewhere in Texas.  The majority of likely Apple witnesses—the engineers who know about the accused features, the Apple personnel with knowledge of the sales and marketing of the accused products, and Apple's licensing personnel—are based in

1

NDCA, whereas none are based in this District.  Furthermore, Plaintiff cannot point to any Apple employees located in this District who might testify at trial as to any aspects of the accused products.

Under all of these facts, this case should be transferred to NDCA.

## II.   FACTS

Plaintiff Gesture Technology Partners, LLC ("Gesture") filed suit on February 4, 2021, accusing a variety of Apple iPhones and iPads (the "accused products") of infringing U.S. Patent Nos. 8,194,924 ("the '924 patent"), 7,933,431 ("the '431 patent"), 8,878,949 ("the '949 patent") and 8,553,079 ("the '079 patent") (collectively the "asserted patents") based on Gesture's assertion that the accused products "us[e] mobile phone cameras to assist a user to interact with their smartphone."  ECF No. 1, Complaint ¶¶ 17, 39, 53, 69, 84.  The asserted patents relate to using cameras and/or gestures detected by the cameras or other sensors to control functions in the device for different applications.  *See, e.g.* '949 patent at Abstract.  Gesture's complaint—as well as its infringement contentions served on July 16, 2021—broadly accuse several such applications in the accused products, including Face ID, QR Scanner, Smart HDR, tracking autofocus, picture face recognition, selfie focus, autofocus area, optical image stabilization, portrait mode, switch control, and Animojis (collectively the "accused features").  *Id.* ¶ 28. Notably, Gesture does not allege how the accused features relate to the claims of the asserted patents.  And at least a few of the accused features—most notably, QR Scanner, selfie focus, and switch control—do not incorporate gesture control or any detection of gestures.

### A.   Plaintiff Gesture

Plaintiff Gesture is an Ohio corporation headquartered in Toledo, Ohio, and founded in 2013 by Dr. Timothy Pryor.  Complaint at ¶¶ 1, 13.  Gesture does not have any known ties to

2

Texas.  Gesture appears to employ only one person, Mr. Pryor, who is also the sole inventor of the asserted patents and resides in Toledo, Ohio.  *Id.* ¶ 13.

> **B.     Defendant Apple**

Apple is a California corporation, employing more than 35,000 people who work in or around its headquarters in Cupertino.  *See* Declaration of Mark Rollins ("Rollins Decl.") ¶ 3.  Apple's management and primary research and development facilities are located in Cupertino.  *Id.*  Apple has teams of engineers who design, develop, and implement the accused features in the accused products.  Rollins Decl. ¶¶ 3, 7-17.  The vast majority of that work takes place in Apple's Cupertino headquarters.  *Id.*  Similarly, the relevant Apple employees involved in the marketing, licensing, and sales of the accused products work in or near Cupertino.  *Id.* ¶¶ 18-22.

Based on Apple's understanding of Gesture's allegations and preliminary infringement contentions, the following is a list of the U.S.-based Apple employees who may be witnesses in this case, and the likely subject matter of their testimony.  All of these people, and/or the majority of their relevant U.S.-based teammates, are located in NDCA:

| **Name** | **Title** | **Relevance** |
|---|---|---|
| Ting Chen | Director | Knowledgeable about the research, design, and development of the following accused features: tracking autofocus, autofocus area, and the video components of smart HDR and optical image stabilization.  Mr. Chen is located in NDCA. |
| Brandon Corey | Director | Knowledgeable about the research, design, and development of the following accused features: the camera component of smart HDR, optical image stabilization, and portrait mode.  Mr. Corey is located in NDCA. |
| Kelsey Ho | Machine Learning Director | Knowledgeable about the research, design, and development of the accused Face ID feature from 2016-2019.  Mr. Ho is located in NDCA. |

| Eslam Mostafa | Senior Manager | Knowledgeable about the research, design, and development of the accused Face ID feature from 2018-2019.  Mr. Mostafa is located in NDCA. |
| Nicole Wells | Machine Learning Manager | Knowledgeable about the research, design, and development of the accused Face ID feature since 2020.  Ms. Wells is located in NDCA. |
| Xiaosong (Steve) Zhou | Senior Software Development Engineering Manager | Knowledgeable about the research, design, and development of the software component underlying the accused picture face recognition feature.  Mr. Zhou is located in NDCA. |
| Nicolas Scapel | Human Fact Design Engineer | Knowledgeable about the research, design, and development of the specifications that integrate facial recognition information into avatars for the accused Animojis feature.  Mr. Scapel is located in London, England, but his team is located in NDCA. |
| Thomas Goossens | AR/VR SW Development Manager | Knowledgeable about the process for integrating the underlying technology that enables the accused Animojis feature.  Mr. Goossens is located in NDCA. |
| Della Huff | Product Marketing Manager | Knowledgeable about the marketing of the accused products.  Ms. Huff is located in NDCA. |
| Jeffrey Lasker | Principal Counsel | Knowledgeable about licensing of intellectual property, including patent rights, by and to Apple, relating to the Apple accused products.  Mr. Lasker is located in NDCA. |
| Mark Rollins | Finance Manager | Knowledgeable about Apple's sales and financial information concerning the accused products.  Mr. Rollins is located in NDCA. |

Rollins Decl. ¶¶ 7-22.

## III.   LEGAL STANDARD

Under section 1404(a), the moving party must first show that the claims "might have been brought" in the proposed transferee district.  *In re Volkswagen of Am., Inc*., 545 F.3d 304, 312-13 (5th Cir. 2008) ("*Volkswagen II*").  Second, the movant must show "good cause" by

4

demonstrating that the "transferee venue is clearly more convenient" than the transferor district. *Volkswagen II* at 315.  As shown below, that is true here.

In evaluating convenience, the district court weighs both private and public interest factors.  *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*").  The private factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive."  *Id*.  The public interest factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law."  *Id*.  The transferee venue need only be "*clearly* more convenient," not "*far* more convenient," for transfer to be appropriate.  *In re Toyota Motor Corp.*, 747 F.3d 1338, 1341 (Fed. Cir. 2014).

The convenience of the witnesses is the most important factor in the transfer analysis.  *In re: Apple Inc.,* No. 2020-127, 2020 WL 3249953, at *2 (Fed. Cir. 2020); *In re Genentech, Inc.* 566 F.3d 1338, 1343 (Fed. Cir. 2009); *Auto-Dril, Inc. v. Nat'l Oilwell Varco, L.P.*, No. 6:15-cv-00091, 2016 WL 6909479, at *7 (W.D. Tex. Jan. 28, 2016).  Moreover, "in a case featuring most witnesses and evidence closer to the transferee venue with few or no convenience factors favoring the venue chosen by the plaintiff, the trial court should grant a motion to transfer."  *In re Nintendo Co., Ltd.*, 589 F.3d 1194, 1198 (Fed. Cir. 2009); *see also, e.g.*, *In re Toyota Motor Corp.*, 747 F.3d 1338, 1341 (Fed. Cir. 2014); *In re Apple, Inc.*, 581 F. App'x 886, 889 (Fed. Cir.

5

2014); *Genentech*, 566 F.3d at 1348; *In re TS Tech USA Corp.*, 551 F.3d. 1315, 1322 (Fed. Cir. 2008); *In re HP Inc.*, No. 2018-149, 2018 WL 4692486, at *3 (Fed. Cir. Sept. 25, 2018).[1]

## IV.   THE NORTHERN DISTRICT OF CALIFORNIA IS CLEARLY THE MORE CONVENIENT VENUE FOR THIS CASE.

### A.   This Case Could Have Been Brought In NDCA.

As any patent suit may be brought in "the judicial district where the defendant resides," 28 U.S.C. § 1400(b), and Apple is headquartered in Cupertino, California, within NDCA (*see* Rollins Decl. ¶ 3), venue would be proper in NDCA.

### B.   The Private Interest Factors Favor Transfer to NDCA.

The private interest factors strongly favor transfer to NDCA because the overwhelming majority of the witnesses and evidence in this case are located there.

#### 1.   The Relative Ease Of Access To Sources Of Proof Strongly Favors Transfer.

When, as here, the bulk of relevant evidence is located in the requested transferee district, the ease of access to evidence factor strongly favors transfer. "This factor relates to the ease of access to non-witness evidence, such as documents and other physical evidence . . . ." *In re Apple Inc.*, 979 F.3d 1332, 1339 (Fed. Cir. 2020). "In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *Genentech*, 566 F.3d at 1345 (internal quotation marks omitted). Despite advances in technology that simplify transfer of some electronic files, "precedent dictates the Court consider where sources of proof are physically located." *CloudofChange, LLC v. NCR Corp.*, No. 6:19-cv-00513, 2020 WL 6439178, at *3 n.2 (W.D. Tex. Mar. 17, 2020); *see Volkswagen II*, 545 F.3d at 316.

---

[1] The plaintiff's choice of venue is not a distinct factor in the analysis. *Volkswagen II*, 545 F.3d at 314-15. Nor is the location of plaintiff's counsel. *Volkswagen I*, 371 F.3d at 206.

"In determining the ease of access to sources of proof, the Court will look to the location where the allegedly infringing products were researched, designed, developed and tested." *XY, LLC v. Trans Ova Genetics, LC,* No. 16-ca-00447, 2017 WL 5505340, at *13 (W.D. Tex. Apr. 5, 2017); *Uniloc USA Inc. v. Box, Inc.*, No. 1:17-CV-754-LY, 2018 WL 2729202, at *3 (W.D. Tex. June 6, 2018) (finding that "it would be more inconvenient for Box to litigate in [WDTX] than for Uniloc to litigate in Northern California"); *Collaborative Agreements, LLC. v. Adobe Sys. Inc.,* No. 1-14-CV-356, 2015 WL10818739 *4 (W.D. Tex. Aug. 21, 2015).

In *Polaris Innovations Ltd. v. Dell, Inc.*, No. 16-CV-451, 2016 WL 7077069 (W.D. Tex. Dec. 5, 2016), the defendant had an Austin office with 300 employees, including at least one Austin-based engineer with knowledge of the accused products. *Id.* at *3. Nevertheless, the Court found that the bulk of the evidence was in California, and that this factor thus weighed in favor of transfer. *Id*. at *5; *see also Uniloc USA, Inc. v. Apple Inc.*, No. A-18-CV-990-LY, 2019 WL 2066121, at *2 (W.D. Tex. Apr. 8, 2019); *Collaborative Agreements*, 2015 WL 10818739, at *4 (finding that where key witnesses were located in NDCA, "[t]he proof surrounding Collaborative's theories of infringement and damages will almost certainly lie with Adobe in the Northern District of California.").

Similarly, while Apple maintains offices in this District, the legally-mandated inquiry is where documents *relevant to this case* are located—and none of *those* are in Texas. Rollins Decl. ¶¶ 7-22; *City of New Orleans Emps.' Ret. Sys. ex rel. BP P.L.C. v. Hayward*, 508 F. App'x 293, 297 (5th Cir. 2013) (affirming transfer to where "the relevant documents . . . could be found," despite presence of documents "of questionable relevance" in the transferor forum (quotations omitted)); *Volkswagen II*, 545 F.3d at 316 (analyzing only location of documents "relating to the accident" at issue). Apple's witnesses with knowledge potentially relevant to this

7

case—software engineers, hardware engineers, product managers, marketing, licensing, and finance personnel—have confirmed that Apple's relevant documents and information are in California. Rollins Decl. ¶¶ 7-22. Whatever Apple documents are located in this District are not relevant to the claims or defenses in this case. *Id.*

Specifically, the overwhelming majority of the research, design, and development of the accused features took place, and continues to take place, at Apple's Cupertino headquarters, with only a handful of team members located outside the United States. Rollins Decl. ¶¶ 3, 7-17. The key Apple documents relating to the research, design, development, and operation of the accused features were generated primarily in NDCA, and the relevant source code associated with the accused features was developed and tested in NDCA. *Id.* ¶ 7. In addition, Apple's documents concerning the marketing, sales and financial information for the accused products are all located in or around Cupertino, California. *Id.* ¶¶ 18-22. The same is true of Apple's licensing documents. *Id.* ¶¶ 18, 21. As such, the overwhelming majority of the sources of proof regarding the accused features and the accused products are in NDCA.

Conversely, there are no unique, relevant sources of proof in this District. <u>First</u>, Gesture has no physical presence in this District, and Apple is not aware of any Gesture witness located here. <u>Second</u>, none of Apple's employees with any knowledge relevant to this case are based in this District. <u>Third</u>, Apple is not aware of any potential third-party witnesses who reside in this District. Given that there are numerous sources of proof in NDCA and none in this District, this factor clearly favors transfer.

### 2. The Availability Of Compulsory Process Favors Transfer.

The availability of compulsory process factor favors transfer, because Apple is not currently aware of any third-party witnesses who would be within the subpoena power of this District. *See Genentech*, 566 F.3d at 1345 (compulsory-process factor "weighs in favor of

transfer" where "no witness [] can be compelled to appear in the Eastern District of Texas"); *In re Hoffman-La Roche, Inc*., 587 F.3d 1333, 1337-38 (Fed. Cir. 2009) (transfer favored when transferee forum has absolute subpoena power over a greater number of third-party witnesses). A court may subpoena a witness to attend trial only (a) "within 100 miles of where the person resides, is employed, or regularly transacts business in person"; or (b) "within the state where the person resides, is employed, or regularly transacts business in person."  Fed. R. Civ. P. 45(c)(1)(A), (B); *Gemalto S.A. v. CPI Card Grp. Inc.*, No. 15-CA-0910, 2015 WL 10818740, at *4 (W.D. Tex. Dec. 16, 2015).  The ability to compel live trial testimony is crucial for evaluating a witnesses' testimony.  *Aguilar-Ayala v. Ruiz*, 973 F.2d 411, 419 (5th Cir. 1992).

Apple is not currently aware of any third-party witnesses who would be within this District's subpoena power.

### 3.     The Attendance Of Willing Witnesses Strongly Favors Transfer.

The single most important factor in the transfer analysis is the convenience of willing witnesses, and that factor strongly favors transfer here.  *See Apple Inc.,* 2020 WL 3249953, at *2; *In re Google Inc.*, No. 2017-107, 2017 WL 977038, at *3 (Fed. Cir. Feb. 23, 2017); *Genentech*, 566 F.3d at 1342; *Auto-Dril*, 2016 WL 6909479 at *7.  Apple's investigation has revealed at least ten likely Apple witnesses who are based in NDCA, with none in Texas.  *See* Rollins Decl. ¶¶ 8-22.  Given that the accused products were developed primarily at Apple's Cupertino headquarters, the likely witnesses who will testify about the accused features are located in NDCA.  *Id*. ¶¶ 8-17.  The same is true of Apple's likely witnesses knowledgeable about the marketing, sales and financial information for the accused products, as well as the likely witness on Apple's licensing function.  *Id*. ¶¶ 18-22.  These witnesses are all a short car ride from the courthouses in NDCA (*e.g.*, 15 minutes from San Jose), but more than 1,500 miles and a lengthy plane ride from Waco, Texas.  Declaration of Catherine Huang ("Huang Decl."), Exs. 1, 2.

9

Where the distance between two districts exceeds 100 miles, "the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *Volkswagen I*, 371 F.3d at 204-05.

If this case remains in this District, the Apple witnesses would need to spend days away from home and work, as opposed to several hours if the trial takes place in NDCA. This travel burden is not insignificant and often is cited as a key reason why transfer is warranted. *See Volkswagen II*, 545 F.3d at 317 ("Witnesses not only suffer monetary costs, but also the personal costs associated with being away from work, family and community."). This length of travel also imposes additional burdens beyond travel time, such as meal and lodging expenses. *Volkswagen I*, 371 F.3d at 204-05; *see also In re Acer America Corp.*, 626 F.3d 1252, 1255 (Fed. Cir. 2010) (in requiring party employees to travel for trial, the parties would likely incur significant expenses for airfare, meals, lodging, as well as losses in productivity from time spent away from work). For all of these reasons, it would be clearly more convenient for NDCA-based witnesses to attend trial in NDCA. *Volkswagen II*, 545 F.3d at 317 (recognizing the "obvious conclusion" that "it is more convenient for witnesses to testify at home"); *see Apple*, 581 F. App'x at 889 (noting district court's failure to follow the 100-mile rule); *TS Tech*, 551 F.3d at 1320 ("The district court's disregard of the 100-mile rule constitutes clear error.").

On the other hand, Apple is not aware of a single relevant witness in this District or anywhere else in Texas. Gesture's lone employee, inventor Timothy Pryor, appears to reside in Ohio, and neither he nor his company have any operations in Texas. Where the vast majority of likely witnesses are in the transferee district and none are in the transferor district, this factor strongly favors transfer. *See MasterObjects, Inc. v. Facebook, Inc.*, No. 6:20-cv-00087-ADA, ECF No. 86 (W.D. Tex. July 13, 2021); *HP*, 2018 WL 4692486, at *3; *Genentech*, 566 F.3d at

10

1343; *Wet Sounds*, No. 17-cv-141, 2017 WL 4547916, at *3 (W.D. Tex. Oct. 11, 2017); *Via*

*Vadis, LLC v. Netgear, Inc*., No. 14-cv-809, 2015 WL 10818675, at *2 (W.D. Tex. July 30,

2015); *Datascape, Ltd. v. Dell Techs., Inc.*, No. 6:19-cv-00129-ADA, 2019 WL 4254069, at *2

(W.D. Tex. June 7, 2019); *Uniloc USA*, 2019 WL 2066121, at *3; *see also Polaris Innovations*,

2016 WL 7077069, at *9.

To try to resist transfer, Gesture likely will point to Apple's facilities in Austin.  Indeed,

Gesture alleges that an Apple Store in Austin, a registered agent for service in Dallas, and "an

engineering team in Austin that designs chips" are sufficient to confer venue in this District.

Complaint ¶¶ 8-11.  Whether the Austin facility is enough to confer venue in this District has no

impact on this motion.  What matters here is the location of the relevant witnesses, and those

witnesses in this case are located in NDCA, not Austin.  *See* Rollins Decl. ¶¶ 8-22; *see also*

*Uniloc USA*, 2019 WL 2066121 at *3; *Peak Completion Techs., Inc. v. I-TEC Well Solutions,*

*LLC*, No. A-13-cv-086-LY, 2013 WL 12121002 at *3 (W.D. Tex. June 26, 2013) (presence of an

office and personnel in the district did not weigh against transfer because those individuals were

not likely witnesses).  Apple is not aware of a single employee in Austin with knowledge

relevant to this case.  Rollins Decl. ¶ 23.  Indeed, Judge Yeakel reached this very conclusion in

deciding that recent Apple cases should be transferred to NDCA because the relevant Apple

witnesses were located there.  *See Uniloc USA*, 2019 WL 2066121 at *3; *see also In re Samsung*

*Elecs. Co., Ltd.*, No. 2021-139, 2021 WL 2672136, at *6 (Fed. Cir. June 30, 2021) (granting writ

of mandamus and concluding that the district court erred by giving "no weight to the presence of

possible party witnesses in Northern California despite this court holding that the district court

must consider those individuals," particularly where "likely witnesses are in Northern California

and none in the Western District of Texas"); *In re Uber Techs.*, No. 2021-150, 2021 WL

11

2834574, at *2 (Fed. Cir. July 8, 2021) (granting writ of mandamus and concluding that "[t]he district court here relied on the same improper grounds as in *Samsung* to diminish the clear convenience of the Northern District of California.").  Therefore, the most important factor in the transfer analysis strongly favors transfer.

### 4. The "All Other Practical Problems" Factor Is Neutral Or Slightly Favors Transfer.

The final private interest factor, "all other practical problems that make trial of a case easy, expeditious and inexpensive," is either neutral or slightly favors transfer here.  Aside from this case, there are two other cases pending in this District where Gesture has asserted the same patents against other defendants.  *See Gesture Technology Partners, LLC v. Lenovo Group Ltd., et al.*, No. 6:21-cv-00122-ADA; *Gesture Technology Partners, LLC v. LG Elecs. Inc.*, No. 6:21-cv-00123-ADA.  But the mere fact of co-pending litigation, alone, does not weigh against transfer.  "To hold otherwise, [the Court] would be effectively inoculating a plaintiff against convenience transfer under § 1404(a) simply because it filed related suits against multiple defendants in the transferor district.  This is not the law under the Fifth Circuit."  *In re Google Inc.*, 2017 WL 977038, at *3.  Moreover, Gesture has also filed two lawsuits in the Eastern District of Texas on these same patents,[2] so it is already litigating these patents in multiple districts.

Further, it is uncertain whether any co-pending litigation will even continue in this District.  For the cases pending in this District, the Lenovo defendants in the -122 case have

---

[2] Gesture has filed two actions in the Eastern District of Texas against (1) Huawei Device Co. Ltd. and Huawei Device USA Inc. (No. 2:21-cv-00040-JRG), and (2) Samsung Electronics Co., Ltd., and Samsung Electronics America, Inc. (No. 2:21-cv-00041-JRG), asserting the same four patents.  The Samsung and Huawei defendants filed 12(b)(6) motions to dismiss Gesture's complaint on April 27, 2021 and May 6, 2021, respectively.

moved to dismiss for improper venue, and Gesture noticed its intent to conduct venue and jurisdictional discovery of Lenovo on April 12, 2021.  *See Gesture Technology Partners, LLC v. Lenovo Group Ltd., et al.*, No. 6:21-cv-00122-ADA, at ECF Nos. 21, 24.  In the LG case in this District, the defendants filed an opposed motion to transfer venue to the Northern District of California on July 2, 2021, and Gesture has similarly noticed its intent to conduct venue and jurisdictional discovery of LG.  *See Gesture Technology Partners, LLC v. LG Elecs. Inc.*, No. 6:21-cv-00123-ADA, at ECF Nos. 23, 26.  Because all three of the Gesture cases in this District are subject to venue motions (either transfer or dismissal for improper venue)—and because Gesture chose to file two other cases in EDTX on these same patents—the parties can litigate this case just as easily, expeditiously and inexpensively in NDCA as in this District.  Indeed, because Gesture has elected to spread its lawsuits across two different judicial districts, it cannot be heard to complain about relocating this particular litigation to the clearly more convenient venue, NDCA.

### C.      The Public Interest Factors Favor Transfer To NDCA.

The public interest factors are all either neutral or favor transfer to NDCA.

#### 1.      The Administrative Difficulties Flowing From Court Congestion Factor Favors Transfer To NDCA.

The first public interest factor, the administrative difficulties flowing from court congestion, favors transfer to NDCA.  For starters, this Court's docket of active patent cases is much larger than NDCA's current docket of patent cases.  This Court currently has 849 pending patent cases, 813 of which are being presided over by a single judge in Waco.  Huang Decl., Ex. 3.  In contrast, NDCA currently has 262 pending patent cases being presided over by 18 different judges.  *Id.*, Ex. 4.  Since January 1, 2021, 549 patent cases have been filed in this District, while only 100 patent cases have been filed in NDCA in that same timeframe.  *Id.*,

Exs. 5, 6.  Patent cases filed before this Court have also increased exponentially since 2018.  *Id.*,

Exs. 7, 8.  Patent cases in NDCA also have a shorter time to dismissal than this District—a

median of 174 days for NCDA versus 191 days in this District since 2000.  *Id.*, Exs. 9, 10.

### 2.     The Local Interest Factor Strongly Favors Transfer To NDCA.

The second public interest factor, the local interest in having localized interests decided at

home, strongly favors transfer to NDCA.  That district has a strong local interest in this case

because: (1) Apple's work on the research, design, development, and operation of the accused

features primarily takes place there; (2) Apple's headquarters are located there; and, (3) all of

Apple's likely witnesses are based there.  *See Wet Sounds*, 2017 WL 4547916, at *4.  In contrast,

Gesture does not appear to have any connection to this District other than filing three lawsuits

here (and two in EDTX).  Although Apple does have a presence in Austin, the likely Apple

witnesses are located in NDCA, not in Texas.  Rollins Decl. ¶¶ 8-22.  In similar situations, this

Court and others have favored transfer to the court with interests more closely connected with

the issues to be tried.  *See Datascape*, 2019 WL 4254069, at *3.  Where, as here, the accused

features were "developed and tested" predominantly in NDCA, and because this suit "calls into

question the work and reputation of several individuals residing" in that district, NDCA's interest

in this matter is "self-evident."  *In re Hoffman-La Roche, Inc.* 587 F.3d 1333, 1336 (Fed. Cir.

2009); *DataQuill, Ltd. v. Apple Inc.*, No. 13-ca-706, 2014 WL 2722201, at *4 (W.D. Tex.

June 13, 2014) (local interest favored transfer notwithstanding Apple's Austin presence because

"this case is about Apple's actions in designing and developing the iPhone and some of its

software products, all of which happened in Cupertino").  Applied here, this analysis leads to the

conclusion that NDCA has a far stronger local interest than this District.  Notably, Apple's

corporate headquarters and the vast majority of its workforce are in NDCA—where the company

was founded and where the likely Apple witnesses for this case are located.  This factor therefore

strongly favors transfer.

> ### 3.  Familiarity With The Governing Law And Conflicts Of Law Are Neutral Factors.

The last two public interest factors are neutral—there are no perceived conflicts of law,

and both districts are equally qualified to apply patent law.  *TS Tech.*, 551 F.3d at 1320-21.

## V.  CONCLUSION

For all of the reasons set forth above, Apple respectfully requests that the Court transfer

this case to NDCA because it is the clearly more convenient venue.


Dated:  July 30, 2021                          Respectfully submitted,

                                               */s/ John M. Guaragna*
                                               John M. Guaragna
                                               Texas Bar No 24043308
                                               **DLA PIPER LLP (US)**
                                               401 Congress Avenue, Suite 2500
                                               Austin, TX  78701-3799
                                               Tel: 512.457.7125
                                               Fax: 512.457.7001
                                               john.guaragna@dlapiper.com

                                               Sean Cunningham (*pro hac vice*)
                                               Catherine Huang (*pro hac vice*)
                                               **DLA Piper LLP (US)**
                                               401 B Street, Suite 1700
                                               San Diego, CA  92101-4297
                                               Tel: 619-699-2700
                                               Fax: 619-699-2701
                                               sean.cunningham@us.dlapiper.com
                                               catherine.huang@us.dlapiper.com

                                               Michael D. Jay (*pro hac vice*)
                                               **DLA Piper LLP (US)**
                                               2000 Avenue of the Stars, Suite 400
                                               North Tower
                                               Los Angeles, CA  90067
                                               Tel:  310-595-3000

15

Fax: 310-595-3300
michael.jay@us.dlapiper.com

Christopher Deck (*pro hac vice*)
**DLA Piper LLP (US)**
33 Arch Street, 26th Floor
Boston, MA  02110-1447
Tel:  617.406.6000
Fax: 617.406.6100

***ATTORNEYS FOR DEFENDANT APPLE INC.***

16

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(i), counsel for Apple has conferred with counsel for Gesture in a good-faith effort to resolve the matter presented herein.  Counsel for Gesture opposes the instant Motion.

/s/ John M. Guaragna
John M. Guaragna

## CERTIFICATE OF SERVICE

I certify that the foregoing document was filed electronically on July 30, 2021, pursuant to Local Rule CV-5(a) and has been served on all counsel whom have consented to electronic service via electronic mail.  Any other counsel of record will be served by first class U.S. mail on this same date.

/s/ John M. Guaragna
John M. Guaragna

17