**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| GESTURE TECHNOLOGY PARTNERS, LLC, | |
| Plaintiff, | Case No. 6:21-cv-00121-ADA |
| v. | **JURY TRIAL DEMANDED** |
| APPLE INC., | |
| Defendant. | |

**DECLARATION OF MARK ROLLINS IN SUPPORT OF DEFENDANT APPLE INC.'S**
**MOTION TO TRANSFER VENUE UNDER 28 U.S.C. § 1404(a)**

I, Mark Rollins, hereby declare and state as follows:

1.  I am over 18 years of age and competent to make this declaration.  I am employed as a Finance Manager at Apple Inc. ("Apple") and my primary place of work is Cupertino, California.  I have been employed by Apple since 2019.

2.  I provide this declaration in support of Apple's Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) filed in the above-captioned case.  Unless otherwise indicated below, the statements in this declaration are based upon my personal knowledge, my review of corporate records maintained by Apple in the ordinary course of business, and/or my discussions with Apple employees.  If called to testify as a witness in this matter, I could and would testify competently and truthfully to each of the statements in this declaration under oath.

3.  Apple is a California corporation and was founded in 1976.  Apple is a global business headquartered in Cupertino, California, which is in the Northern District of California ("NDCA").  I understand that NDCA includes the following counties: Alameda, Contra Costa,

Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa, San Benito, San Francisco, San Mateo, Santa Clara, Santa Cruz, and Sonoma.  Apple's management and primary research and development facilities are located in or near Cupertino, including surrounding cities such as Sunnyvale, all of which are located in NDCA.  The primary operation, marketing, sales, and finance decisions for Apple also occur in or near Cupertino, and Apple business records related to product revenue are located there.  As of July 2021, Apple has more than 35,000 employees who work in or near its Cupertino headquarters.

4.   I understand that Gesture Technology Partners, LLC ("Gesture") filed the above-captioned patent infringement lawsuit against Apple in the United States District Court for the Western District of Texas.  In its Original Complaint for Patent Infringement filed on February 4, 2021 ("the Complaint"), Plaintiff alleges infringement of U.S. Patent Nos. 8,194,924 (the "'924 Patent"), 7,933,431 (the "'431 patent"), 8,878,949 (the "'949 patent") and 8,553,079 ("'079 patent") (collectively, the "asserted patents").  Dkt. 1 ("Compl.") ¶ 17.

5.   Based on the Complaint, I understand that Plaintiff has identified the following products as infringing the asserted patents: "Apple's iPhone models 5C, 5S, 6, 6 Plus, 6S, 6S Plus, SE (1st), 7, 7 Plus, 8, 8 Plus, X, XS, XS Max, XR, 11, 11 Pro, 11 Pro Max, SE (2nd), 12, 12 Mini, 12 Pro, and 12 Pro Max; and Apple's iPad models iPad Mini 3, Air 2, Mini 4, Pro (1st, 12.9 in.), iPad Pro (1st, 9.7 in.), iPad (5th generation), iPad Pro (2nd, 10.5/12.9 in.), iPad (6th generation), iPad Pro (3rd, 11/12.9 in.), iPad Air (3rd generation), iPad Mini (5th generation), iPad (7th generation), iPad Pro (4th, 11/12.9 in.), iPad (8th generation), and iPad Air (4th generation)" (collectively, the "accused products")."  Compl. ¶ 27.

6.   Based on Gesture's Complaint, I understand that the asserted patents generally relate to "innovations in using mobile phone cameras to assist a user to interact with their

2

smartphone, including, for example, but not limited to unlocking their phone, taking and using photos or videos, and providing other functions." Compl. ¶ 17.  Despite this vague description, for purposes of this motion to transfer, I understand that Gesture has accused the following features in the accused products: Face ID, QR Scanner, Smart HDR, tracking autofocus, picture face recognition, selfie focus, autofocus area, optical image stabilization, portrait mode, switch control, and Animojis (collectively, the "accused features").  *Id*. ¶ 28.

7.   As set forth below, and based on our current investigation to date, I understand that nearly all of Apple's United States-based engineers who participated in or are knowledgeable about the research, design, and development of the accused features have a primary place of work in NDCA.  Based on our current investigation to date, I am not aware of any Apple employees located in Texas who have worked or currently work on the research, design, or development of the accused features.  I understand that working files and electronic documents concerning the accused features reside on local computers and/or servers either located in or around NDCA or which are accessible in NDCA.  To my knowledge, Apple does not have any unique working files or documents relevant to this case located in Texas.  I further understand, based on our current investigation to date, that the relevant source code associated with the accused features was developed and tested in California.  I understand that access to this source code is controlled on a need-to-know basis, and that the source code can be accessed by Apple employees working on the accused features in NDCA.  I am not aware of any relevant source code relating to the accused products that was developed, coded or tested in Texas.

8.   Ting Chen is a Director of Video Engineering at Apple.  Mr. Chen's primary workplace is in NDCA.  Mr. Chen and his team are responsible for the research, design, and development of the following accused features: tracking autofocus, autofocus area, and the

3

video components of smart HDR and optical image stabilization.  Mr. Chen confirmed that the research, design, and development of the tracking autofocus, autofocus area, smart HDR, and optical image stabilization features occurred in NDCA.  Mr. Chen further confirmed that all of the United States based Apple employees who currently work on these accused features have a primary workplace in NDCA.  There is one member on Mr. Chen's team who relocated to the EU for VISA reasons, but that individual plans to return to the United States as soon as possible.  Neither Mr. Chen nor any employee on his team who works on these accused features is located in Texas.  Mr. Chen confirmed that neither he nor any of his team members works with any individuals located in Texas in connection with their work on these accused features.

9.  Brandon Corey is a Director in the Camera Department at Apple.  Mr. Corey's primary workplace is in NDCA.  Mr. Corey and his team are responsible for the research, design, and development of the following accused features: the camera component of smart HDR, optical image stabilization, and portrait mode.  Mr. Corey confirmed that the research, design, and development of the smart HDR, optical image stabilization, and portrait mode features occurred in NDCA.  Mr. Corey further confirmed that nearly all of the United States based Apple employees who currently work on these accused features have a primary workplace in NDCA.  Only one or two members of Mr. Corey's team reside and work in San Diego.  Neither Mr. Corey nor any employee on his team who works on these accused features is located in Texas. Mr. Corey confirmed that neither he nor any of his team members works with any individuals located in Texas in connection with their work on these accused features.

10. Kelsey Ho is a Machine Learning Director of Video Engineering at Apple.  Mr. Ho's primary workplace is in NDCA.  Mr. Ho and his team were responsible for the research, design, and development of the accused Face ID feature from 2016-2019.  Mr. Ho further

4

confirmed that all of the United States based Apple employees who worked on the Face ID feature from 2016-2019 had a primary workplace in NDCA.  Two members of Mr. Ho's team resided and worked in Israel.  Neither Mr. Ho nor any employee on his team who worked on the Face ID feature was located in Texas.  Mr. Ho confirmed that neither he nor any of his team members works with any individuals located in Texas in connection with their work on this accused feature.

11. Eslam Mostafa is a Senior Manager of Video Engineering at Apple.  Mr. Mostafa's primary workplace is in NDCA.  Mr. Mostafa and his team were responsible for the research, design, and development of the accused Face ID feature from 2018-2019.  Mr. Mostafa confirmed that the research, design, and development of the Face ID feature from 2018-2019 occurred in NDCA.  Mr. Mostafa further confirmed that all of the United States based Apple employees who worked on the Face ID feature from 2018-2019 had a primary workplace in NDCA.  Neither Mr. Mostafa nor any employee on his team who worked on the Face ID feature was located in Texas.  Mr. Mostafa confirmed that neither he nor any of his team members works with any individuals located in Texas in connection with their work on this accused feature.

12. Nicole Wells is a Machine Learning Manager of Video Engineering at Apple.  Ms. Wells' primary workplace is in NDCA.  Ms. Wells and her team have been responsible for the research, design, and development of the accused Face ID feature since 2020.  Ms. Wells confirmed that the research, design, and development of the Face ID feature occurred in NDCA.  Ms. Wells further confirmed that all of the United States based Apple employees who work on the Face ID feature have a primary workplace in NDCA, except for one member on her team who is currently located in Maryland but is waiting to transfer back to Cupertino once COVID-

19 restrictions are lifted.  Neither Ms. Wells nor any employee on her team who work on the

Face ID feature are located in Texas.  Ms. Wells confirmed that neither she nor any of her team

members works with any individuals located in Texas in connection with their work on this

accused feature.

  13. Xiaosong (Steve) Zhou is a Senior Software Development Engineering Manager

of Media Technologies at Apple.  Mr. Zhou's primary workplace is in NDCA.  Mr. Zhou and

his team are responsible for the research, design, and development of the software component

underlying the accused picture face recognition feature.  Mr. Zhou confirmed that the research,

design, and development associated with the picture face recognition feature occurred in

NDCA.  Mr. Zhou further confirmed that all of the United States based Apple employees who

currently work on the picture face recognition feature have a primary workplace in NDCA.

Neither Mr. Zhou nor any employee on his team who works on the picture face recognition

feature is located in Texas. Mr. Zhou confirmed that neither he nor any of his team members

works with any individuals located in Texas in connection with their work on this accused

feature.

  14. Nicolas Scapel is a Human Fact Design Engineer of Human Interface at Apple.

Mr. Scapel's primary workplace is in London, but his team is located in NDCA.  Mr. Scapel

and his team were responsible for the research, design, and development of the specifications

that integrate facial recognition information into avatars for the accused Animojis feature.  Mr.

Scapel confirmed that the research, design, and development associated with the Animojis

feature occurred in NDCA.  Mr. Scapel further confirmed that all of the United States based

Apple employees who currently work on the Animojis feature have a primary workplace in

NDCA.  Neither Mr. Scapel nor any employee on his team who worked on the Animojis feature

is located in Texas.  Mr. Scapel confirmed that neither he nor any of his team members worked with any individuals located in Texas in connection with their work on this accused feature.

15. Brian Amberg is a Senior Machine Learning Manager of Video Engineering at Apple.  Mr. Amberg's primary workplace is in Zurich, Switzerland.  Mr. Amberg and his team are responsible for the research, design, and development of software for facial recognition used with the accused Animojis feature.  Mr. Amberg confirmed that the research, design, and development associated with software for facial recognition used with the Animojis feature occurred in Zurich, Switzerland.  Mr. Amberg further confirmed that all of the United States based Apple employees who currently work on translating the output of the face tracking technology into representations on the Animojis feature have a primary workplace in NDCA.  Neither Mr. Amberg nor any employee on his team who works on the Animojis feature is located in Texas.  Mr. Amberg confirmed that neither he nor any of his team members works with any individuals located in Texas in connection with their work on this accused feature.

16. Thomas Goossens is an AR/VR SW Development Manager of Technology Investigation at Apple.  Mr. Goossens' primary workplace is in NDCA.  Mr. Goossens and his team are responsible for integrating the underlying technology that enables the accused Animojis feature.  Mr. Goossens' team that currently work on the Animojis feature are located in Paris, France.  Neither Mr. Goossens nor any employee on his team who works on the Animojis feature is located in Texas.  Mr. Goossens confirmed that neither he nor any of his team members works with any individuals located in Texas in connection with their work on this accused feature.

17. Peng Wu is a Machine Learning Manager of Video Engineering at Apple.  Mr. Wu's primary workplace is in China.  Mr. Wu and his team are currently responsible for the

7

research, design, and development of the accused QR Scanner feature, which originated in Portland, Oregon in around 2013.  Mr. Wu confirmed that the current research, design, and development associated with the QR Scanner feature occurs in China.  Neither Mr. Wu nor any employee on his team who worked on the QR Scanner feature is located in Texas.  Mr. Wu confirmed that neither he nor any of his team members works with any individuals located in Texas in connection with their work on this accused feature.

18. As set forth below, I understand that nearly all Apple employees who have knowledge relevant to marketing, licensing, and finances associated with the accused products work in or near NDCA.  I am not aware of any Apple employee who has unique information relevant to this case and is located in Texas.  To the best of my knowledge, related working files, electronic documents, and business records reside on local computers and/or servers either located in or around NDCA or accessible in NDCA.  I am not aware of any unique Apple working files or documents located in Texas that are relevant to this case.

19. The Apple employees whom Apple expects will be witnesses and who have knowledge relevant to marketing, licensing, or financials are myself, Della Huff, and Jeffrey Lasker.  As described below, all of these individuals – including myself – have a primary workplace in NDCA.  I am not aware of any anticipated witnesses of Apple located in Texas.

20. Della Huff is a Product Marketing Manager in the OS Product Marketing group at Apple.  Ms. Huff's primary workplace is in NDCA.  Ms. Huff and her team are responsible for the marketing of the Apple accused products.  Ms. Huff also contributes to the concept design related to the Apple accused products and features.  Ms. Huff confirmed that the primary place of work for employees on her team is NDCA.  Neither Ms. Huff nor any employees on her team are located in Texas.  Ms. Huff confirmed that neither she nor any of her team members work

8

with any individuals located in Texas in connection with their work on the Apple accused products.

21. Jeffrey Lasker is a Principal Counsel in the IP Transactions group at Apple.  Mr. Lasker's primary workplace is in NDCA.  Mr. Lasker and his team are responsible for intellectual property licensing at Apple.  Mr. Lasker confirmed that he is knowledgeable about licensing of intellectual property, including patent rights, by and to Apple, relating to the Apple accused products.  Mr. Lasker also confirmed that the primary place of work for employees on his team is in NDCA with the exception of two individuals (both based remotely in Colorado).  Neither Mr. Lasker nor any employee on his team is located in Texas.

22. I am knowledgeable about Apple's sales and financial information concerning the accused products.  My primary workplace is in NDCA.  The primary place of work for employees on my team is NDCA.  Documents concerning sales and financial information for these products reside on local computers and/or servers either located in or around NDCA or accessible in NDCA.  Neither I nor any employee on my team is located in Texas.  None of my team members work with any individuals located in Texas with respect to financials relevant to the accused products in this matter.

23. As of the date of this declaration, Apple operates over 270 retail stores in the United States, more than 50 of which are in California, including 19 stores in the NDCA.  In WDTX, Apple has two retail stores in Austin, two retail stores in San Antonio, and one store in El Paso.  I am not aware of any retail employee in these retail stores who was ever involved in the research, design, development, or marketing of the accused features.  To the extent that any of the accused products are sold in the WDTX, they are and were sold nationwide, and are not offered in any manner or degree differently than they are offered elsewhere.  Apple has non-

retail offices in Austin and Lockhart, Texas (located in the WDTX).  To the best of my knowledge, however, none of the Apple employees with relevant information relating to the accused features work at these offices or reside in Texas.

24. I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and that this declaration was executed this 29th day of July 2021, in Santa Clara, California.

_____

Mark Rollins

10