UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| GESTURE TECHNOLOGY PARTNERS, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>APPLE INC.<br><br>    Defendant. | Case No. 6:21-cv-00121-ADA<br><br>**JURY TRIAL DEMANDED** |

**APPLE INC.'S OPPOSED MOTION TO STAY PENDING RESOLUTION OF**
***INTER PARTES* REVIEW OF THE ASSERTED PATENTS**

## **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ...................................................................................................................1

II. BACKGROUND ....................................................................................................................1

 A. This Case Is In Its Early Stages. ................................................................................1

 B. Apple Filed IPR Petitions Covering All Asserted Claims. .......................................2

III. LEGAL STANDARD.............................................................................................................3

IV. ARGUMENT..........................................................................................................................4

 A. Factor No. 1—A Stay Will Not Unduly Prejudice Gesture....................................4

 B. Factor No. 2—This Case Is In Its Infancy. ...............................................................5

 C. Factor No. 3—A Stay Will Greatly Simplify The Issues In This Case. ..................6

V. CONCLUSION.......................................................................................................................9

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Advanced Micro Devices, Inc. v. Mediatek Inc.*,
  2019 WL 4082836 (D. Del. Aug. 29, 2019) ........................................................................... 5

*Aylus Networks, Inc. v. Apple Inc.*,
  856 F.3d 1353 (Fed. Cir. 2017) ............................................................................................. 7

*Clinton v. Jones*,
  520 U.S. 681 (1997) .............................................................................................................. 3

*Contour IP Holding, LLC v. GoPro, Inc.*,
  No. 17-cv-04738-WHO, 2018 WL 6574188 (N.D. Cal. Dec. 12, 2018) ................................ 7

*Crossroads Sys., Inc. v. Dot Hill Sys. Corp.*,
  No. A-13-CA-800-SS, 2015 WL 3773014 (W.D. Tex. June 16, 2015) .......................... 4, 5, 8

*CyWee Grp. Ltd. v. Samsung Elecs. Co.*,
  No. 2:17-CV-00140-WCB-RSP, 2019 WL 11023976 (E.D. Tex. Feb. 14, 2019) .................. 4

*e-Watch, Inc. v. ACTi Corp., Inc.*,
  No. SA-12-CA-695-FB, 2013 WL 6334372 (W.D. Tex. Aug. 9, 2013) ................................. 4

*E-Watch, Inc. v. Lorex Canada, Inc.*,
  No. H–12–3314, 2013 WL 5425298 (S.D. Tex. Sept. 26, 2013) ........................................... 4

*EchoStar Techs. Corp. v. TiVo, Inc.*,
  No. 5:05-CV-81, 2006 WL 2501494 (E.D. Tex. July 14, 2006) ............................................ 4

*Emp't Law Compliance, Inc. v. Compli, Inc.*,
  No. 3:13-cv-3574, 2014 WL 3739770 (N.D. Tex. May 24, 2014) ........................................ 5

*Evolutionary Intelligence, LLC v. Apple, Inc.*,
  No. C 13-04302 WHA, 2014 WL 93954 (N.D. Cal. Jan. 9, 2014) ..................................... 7, 8

*Evolutionary Intelligence, LLC v. Facebook, Inc.*,
  No. C 13-4202 SI, 2014 WL 261837 (N.D. Cal. Jan. 23, 2014) ............................................ 5

*Evolutionary Intelligence, LLC v. Sprint Nextel Corp. et al.*,
  No. C-13-4513-RMW, 2014 WL 819277 (N.D. Cal. Feb. 28, 2014) .................................... 8

*Kirsch Research and Dev., LLC v. Tarco Specialty Prods., Inc.*,
  No. 6:20-cv-00318-ADA, 2021 WL 4555804 (W.D. Tex. Oct. 4, 2021) .................... 3, 4, 6, 7

*Micrografx, LLC v. Google, Inc.*,
  No. 3:13-cv-3595, 2014 WL 12580455 (N.D. Tex. July 9, 2014) ...................................... 4, 5

*Multimedia Content Mgmt. LLC v. Dish Network L.L.C.*,
  No. 6:18-CV-00207-ADA, 2019 WL 11706231 (W.D. Tex. May 30, 2019) ..........................3

*NFC Tech. LLC v. HTC Am., Inc.*,
  No. 2:13-cv-1058, 2015 WL 1069111 (E.D. Tex. Mar. 11, 2015) ...............................3, 4, 6, 8

*Uniloc USA Inc. v. LG Elecs. U.S.A. Inc.*,
  No. 18-cv-06737-JST, 2019 WL 1905161 (N.D. Cal. Apr. 29, 2019) ......................................7

**Statutes**

35 U.S.C. § 315(e) ..........................................................................................................................8

35 U.S.C. § 316(a)(11).....................................................................................................................3

**Other Authorities**

(https://www.uspto.gov/sites/default/files/documents/ptab_aia_fy2020_roundup.pdf.) ..............................................................................................................................................6

(https://www.uspto.gov/sites/default/files/documents/ptab_aia_fy2021__roundup.pdf.) ..............................................................................................................................................6

**I.     INTRODUCTION**

As of December 13, 2021, the PTAB has instituted *inter partes* review of all claims of the four patents asserted against Apple by Plaintiff Gesture Technology Partners, LLC.  Pursuant to the Court's inherent authority to control its docket, Apple moves to stay this lawsuit to conserve the Court and parties' resources.  While the instituted IPR proceedings are ongoing, there is no reason for the Court or the parties to expend resources on claim construction proceedings, fact and expert discovery, summary judgment, pre-trial and trial for claims the PTAB likely will invalidate.

Each of the factors relevant to a stay analysis favors a stay.  <u>First</u>, granting a stay will not prejudice Gesture or result in any tactical disadvantage.  Gesture seeks only monetary damages (it does not make any products and thus cannot seek an injunction), and courts have consistently found that a delay of potential monetary relief is not unduly prejudicial.  <u>Second</u>, this case is still in its infancy.  Fact discovery has not yet begun, and the Court has not set dates for the claim construction hearing or trial.  <u>Third</u>, given that every asserted claim is now under review by the PTAB, it is highly likely the IPR proceedings will simplify, if not completely resolve, the issues in this case.

**II.    BACKGROUND**

    **A.    This Case Is In Its Early Stages.**

Gesture filed its complaint against Apple on February 4, 2021, asserting four patents. Dkt. No. 1.[1]  Gesture, an entity with no facilities or products, seeks only monetary damages. *Id.* at 18.  On July 30, 2021, Apple filed a motion to transfer the case from this District to the

---

[1] The four asserted patents are U.S. Patent Nos. 8,194,924 ("the '924 patent"), 7,933,431 ("the '431 patent"), 8,878,949 ("the '949 patent"), and 8,553,079 ("the '079 patent") (the "asserted patents").

1

Northern District of California, for which briefing will be completed next week.[2]  Dkt. No. 21.  At Gesture's request, the parties engaged in venue discovery that closed on November 15, 2021.  Dkt. No. 23.  On December 20, 2021, Apple will file its reply in support of transfer, which will complete briefing.  Dkt. No. 27.

As of the date of this motion, the case is in its earliest stages.  Fact discovery has not yet begun, and the Court has not set dates for the claim construction hearing and trial.  The parties have only engaged in venue discovery, exchanged preliminary infringement and invalidity contentions, and just two weeks ago started claim construction briefing (Gesture filed its opening brief on November 30, 2021).  Huang Decl. ¶ 2.

### B. Apple Filed IPR Petitions Covering All Asserted Claims.

On April 18, 2021, roughly two months after this case was filed, Apple filed its first IPR petition challenging all claims of the '079 patent.  Huang Decl., ¶ 3.  Apple thereafter filed IPR petitions challenging all claims of the '431 patent (May 21, 2021), '924 patent (May 26, 2021), and '949 patent (June 2, 2021).  *Id.*  Gesture filed Patent Owner Preliminary Responses to the IPR petitions on August 30, 2021 ('079 patent), September 7, 2021 ('431 and '924 patents), and September 15, 2021 ('949 patent).  *Id.*, ¶ 4.

On November 29, 2021, the PTAB granted institution on all grounds of Apple's IPR on the '079 patent.  *Id.*, Ex. 1.  On December 6, 2021, the PTAB granted institution on all grounds of Apple's IPRs on both the '924 and '431 patents.  *Id.*, Exs. 2, 3.  Finally, on December 13, 2021, the PTAB granted institution on all grounds of Apple's IPR on the '949 patent.  *Id.*, Ex. 4.

---

[2] Apple's motion to transfer (Dkt. No. 21) is pending and briefing will be complete on December 20, 2021.  Apple is filing this motion to stay promptly after the PTAB's fourth and final institution decision on December 13, 2021, but the filing of this motion to stay need not and should not affect the timing of the Court's decision on Apple's motion to transfer, which will be ripe for decision as of December 20, 2021.

The statutory deadline for the PTAB to issue Final Written Decisions for all four of Apple's IPRs is December 13, 2022.  See 35 U.S.C. § 316(a)(11).

Below is a summary of the PTAB's institution decisions on each of Apple's IPRs:

| Patent | Asserted Claims | IPR No. | Institution Date | Claims Instituted |
|---|---|---|---|---|
| 8,194,924 | 1-10, 12, 14 | IPR2021-00923 (filed May 26, 2021) | December 6, 2021 | All claims (1-14) |
| 7,933,431 | 1-4, 6-9, 11-22, 25-28, 30 | IPR2021-00920 (filed May 21, 2021) | December 6, 2021 | All claims (1-31) |
| 8,878,949 | 1-9, 11-14, 16-18 | IPR2021-00921 (filed June 2, 2021) | December 13, 2021 | All claims (1-18) |
| 8,553,079 | 1-6, 8-9, 11, 14-15, 19, 21-25, 28, 30 | IPR2021-00922 (filed April 18, 2021) | November 29, 2021 | All claims (1-30) |

## III.    LEGAL STANDARD

A district court has the inherent power to control its own docket, including the power to stay proceedings before it.  *Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket.").  "In particular, the question of whether to stay proceedings pending *inter partes* review of a patent is a matter committed to the district court's discretion."  *Multimedia Content Mgmt. LLC v. Dish Network L.L.C.*, No. 6:18-CV-00207-ADA, 2019 WL 11706231, at *1 (W.D. Tex. May 30, 2019).  "A stay is particularly justified when 'the outcome of a PTO proceeding is likely to assist the court in determining patent validity or eliminate the need to try infringement issues.'"  *Kirsch Research and Dev., LLC v. Tarco Specialty Prods., Inc.*, No. 6:20-cv-00318-ADA, 2021 WL 4555804, at *3 (W.D. Tex. Oct. 4, 2021) (citing *NFC Tech. LLC v. HTC Am., Inc.*, No. 2:13-cv-1058, 2015 WL 1069111, at *1 (E.D. Tex. Mar. 11, 2015)).

> District courts typically consider three factors when determining whether to grant a stay pending *inter partes* review of a patent in suit: (1) whether the stay will unduly prejudice the nonmoving party, (2) whether the

> proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set, and (3) whether the stay will likely result in simplifying the case before the court.

*Kirsch*, 2021 WL 4555804, at *3 (quoting *NFC Tech.*, 2015 WL 1069111, at *2); *see also CyWee Grp. Ltd. v. Samsung Elecs. Co.*, No. 2:17-CV-00140-WCB-RSP, 2019 WL 11023976, at *2 (E.D. Tex. Feb. 14, 2019). "Essentially, courts determine whether the benefits of a stay outweigh the inherent costs based on these factors." *EchoStar Techs. Corp. v. TiVo, Inc.*, No. 5:05-CV-81, 2006 WL 2501494, at *1 (E.D. Tex. July 14, 2006).

## IV.   ARGUMENT

### A.   Factor No. 1—A Stay Will Not Unduly Prejudice Gesture.

The first factor, whether the stay will unduly prejudice the nonmoving party, favors a stay, because granting a stay will not prejudice Gesture at all. As an initial matter, numerous courts have held that delay caused by the IPR process, without more, does not justify denying a stay. *See e-Watch, Inc. v. ACTi Corp., Inc.*, No. SA-12-CA-695-FB, 2013 WL 6334372 at *8-9 (W.D. Tex. Aug. 9, 2013) ("[T]he mere fact and length of any delay . . . does not demonstrate prejudice sufficient to deny [a] request for a stay."); *Micrografx, LLC v. Google, Inc.*, No. 3:13-cv-3595, 2014 WL 12580455, at *1 (N.D. Tex. July 9, 2014) (citing *E-Watch, Inc. v. Lorex Canada, Inc.*, No. H–12–3314, 2013 WL 5425298, at *2 (S.D. Tex. Sept. 26, 2013) ("A delay caused by the *inter partes* review process, without more, does not justify denial of a stay.")). Indeed, "inter partes review was designed to create efficiencies and 'proceed in a timely fashion,'" and "[t]hus, the length of the *inter partes* review alone does not establish prejudice." *Micrografx*, 2014 WL 12580455, at *1.

Moreover, Gesture does not seek injunctive relief, and any purported prejudice arising from a stay can be remedied by monetary relief. To this end, courts have often found that the delay of potential monetary relief is not unduly prejudicial. *Crossroads Sys., Inc. v. Dot Hill Sys.*

4

*Corp.*, No. A-13-CA-800-SS, 2015 WL 3773014, at *2 (W.D. Tex. June 16, 2015) ("The fact of the matter is [Plaintiff] seeks exclusively monetary damages, and mere delay in collecting those damages does not constitute undue prejudice."); *Evolutionary Intelligence, LLC v. Facebook, Inc.*, No. C 13-4202 SI, 2014 WL 261837, at *3 (N.D. Cal. Jan. 23, 2014) ("[c]ourts have consistently found that a patent licensor cannot be prejudiced by a stay because monetary damages provide adequate redress for infringement"). Under similar circumstances, courts have regularly found no undue prejudice and granted motions to stay pending IPR proceedings. *See, e.g.*, *Micrografx*, 2014 WL 12580455, at *2 (granting a stay pending IPR, where "[Plaintiff] does not seek injunctive relief and does not practice the patents-in-suit," and where "[Plaintiff]'s damages would be primarily monetary."); *Emp't Law Compliance, Inc. v. Compli, Inc.*, No. 3:13-cv-3574, 2014 WL 3739770, at *2 (N.D. Tex. May 24, 2014) (granting a stay pending IPR, where Plaintiff "fail[ed] to show that the parties are direct competitors or how it would be adversely affected by a stay.").

      **B.**      **Factor No. 2—This Case Is In Its Infancy.**

The second factor, whether the proceedings before the court have reached an advanced stage, strongly favors a stay. With venue discovery having closed on November 15, 2021, and Apple's reply in support of its motion to transfer to be filed on December 20, 2021, this case is still in its earliest stages—the Court has not yet scheduled a claim construction hearing, and fact discovery (other than venue discovery) has not begun. A stay is appropriate where, as here, "[d]iscovery has not begun, a trial date has not been set, and there is no scheduling order in place." *Advanced Micro Devices, Inc. v. Mediatek Inc.*, 2019 WL 4082836, at *2 (D. Del. Aug. 29, 2019); *see also Crossroads Sys.*, 2015 WL 3773014, at *4 (granting a stay where there had been zero post-*Markman* discovery).

5

On the contrary, absent a stay, the parties will expend significant resources on fact and expert discovery and dispositive motions, and potentially on pre-trial motions and submissions, trial preparation and trial itself.  More importantly, the Court is likely to spend substantial time and resources on hearings (dispositive motions, motions in *limine*, *Daubert* motions, etc.), and potentially the pre-trial conference and trial.  Given the high likelihood that the IPR petitions will impact the asserted claims of all four asserted patents, a stay is justified to avoid the needless waste of judicial and party resources.

## C. Factor No. 3—A Stay Will Greatly Simplify The Issues In This Case.

The final stay factor, whether the stay will likely result in simplifying the case before the court, strongly favors a stay here.  "[T]he most important factor bearing on whether to grant a stay in this case is the prospect that the *inter partes* review proceeding will result in simplification of issues before the Court."  *Kirsch*, 2021 WL 4555610, at *3 (citing *NFC Tech.*, 2015 WL 1069111, at *4).  Here, a stay will simplify the issues and streamline or even eliminate trial, thereby reducing the burden on the Court and the parties, for the following reasons.

First, the IPR proceedings may ultimately invalidate all asserted claims of all four patents, which would eliminate the need for trial.[3] *Kirsch*, 2021 WL 4555804, at *3 ("It is undoubtedly true that, were the PTAB to invalidate the '482 patent via the Owens Corning IPR, and were the Federal Circuit [to] uphold that decision on any potential appeal, this case would be simplified.").  In instituting all four IPRs on all asserted grounds, the PTAB explicitly found

---

[3] In FY2021, for the IPR proceedings that reached final written decisions, the PTAB invalidated all challenged claims 60% of the time and one or more (but not all) of the challenged claims 19% of the time. (https://www.uspto.gov/sites/default/files/documents/ptab_aia_fy2021_roundup.pdf.) In FY2020, the statistics for final written decisions were similar—the PTAB invalidated all challenged claims 62% of the time and one or more (but not all) of the challenged claims 20% of the time. (https://www.uspto.gov/sites/default/files/documents/ptab_aia_fy2020_roundup.pdf.)

6

Apple has a reasonable likelihood of invalidating every claim Gesture has asserted.  Huang Decl. Ex. 1 ('079 patent) at 4-5, 19; Ex. 2 ('924 patent) at 5, 25; Ex. 3 ('431 patent) at 5, 30; Ex. 4 ('949 patent) at 5, 27.  These facts favor granting a stay, as many courts, including this one, have found under similar circumstances.  *See Kirsch*, 2021 WL 4555610, at *3 (finding the simplification of issues factor to favor a stay where the PTAB institution decision "explicitly found there was a reasonable likelihood of invalidating" the asserted claims); *Uniloc USA Inc. v. LG Elecs. U.S.A. Inc.*, No. 18-cv-06737-JST, 2019 WL 1905161, at *3 (N.D. Cal. Apr. 29, 2019) (where all asserted claims are challenged in IPR, "resolution of [the] petitions has significant potential to simplify this litigation").

Second, even if the IPR proceedings result in the cancellation of only some of the asserted claims, the issues before the Court still will be simplified.  *See, e.g. Contour IP Holding, LLC v. GoPro, Inc.*, No. 17-cv-04738-WHO, 2018 WL 6574188, at *3 (N.D. Cal. Dec. 12, 2018) ("[I]n almost every motion to stay pending IPR, courts find the PTAB's decision is likely to simplify the issues because if the PTAB invalidates any of the claims at issue in the IPR petition, those claims will be mooted in the litigation.").  For example, the IPR proceedings would simplify prior art-related discovery, trial, and any dispositive briefing on invalidity.  Furthermore, the PTAB's Final Written Decisions will provide claim construction analyses to supplement the existing intrinsic record that the Court could ultimately consider in deciding claim construction and liability issues.  *See Evolutionary Intelligence, LLC v. Apple, Inc.*, No. C 13-04302 WHA, 2014 WL 93954, at *3 (N.D. Cal. Jan. 9, 2014) (IPR record "may also clarify claim construction positions for the parties, raise estoppel issues, and encourage settlement."); *Aylus Networks, Inc. v. Apple Inc.*, 856 F.3d 1353, 1359 (Fed. Cir. 2017) ("statements made by a patent owner during an IPR proceeding can be relied on to support a finding of prosecution

disclaimer during claim construction."). As such, the PTAB's analysis and Gesture's statements during the IPR proceedings are likely to be informative and relevant to the issues in this case, even if the PTAB does not ultimately invalidate all asserted claims.

Third, to the extent the PTAB does not invalidate all challenged claims, Apple would be estopped from asserting invalidity on any ground on which the IPRs were instituted, and as to any prior art that Apple reasonably could have raised in its IPR petitions. 35 U.S.C. § 315(e); *Evolutionary Intelligence, LLC v. Sprint Nextel Corp. et al.*, No. C-13-4513-RMW, 2014 WL 819277, at *4 (N.D. Cal. Feb. 28, 2014) ("[S]tatutory estoppel simplifies the issues by preventing parties from relitigating the same validity issues before the PTO and the Court."). Thus, even if some of the asserted claims survive the IPRs, the scope of the parties' dispute in this case will be narrowed as a result of the IPR proceedings.

Not granting the stay, on the other hand, would have the opposite effect—further complicating the issues in this case. While IPR proceedings are ongoing, "[p]roceeding to trial could [] prove to be extraordinarily wasteful of both the parties' resources and the Court's resources." *Crossroads Systems*, 2015 WL 3773014, at *3. There is little, if any, benefit to litigating invalidity in a district court action while the same issues are being litigated before the PTAB. *See Evolutionary Intelligence*, 2014 WL 93954, at *3 ("There is also little benefit to be gained from having two forums review the validity of the same claims at the same time.").

Staying this litigation will conserve judicial resources while providing the Court and parties with "the benefit of the expert agency's full and focused consideration of the effect of prior art on patents being asserted in litigation." *NFC Tech.*, 2015 WL 1069111, at *4. Before the Court and the parties unnecessarily expend valuable resources, the PTAB should complete its

8

review of the asserted patents, which will narrow the issues in this case and may even eliminate this case altogether. The simplification factor thus strongly supports a stay.

## V.    CONCLUSION

Because all factors strongly favor a stay, Apple respectfully requests that the Court stay this case pending resolution of the IPR proceedings for all asserted claims of the asserted patents.


Dated:  December 14, 2021                               Respectfully submitted,


                                                */s/ John M. Guaragna*
John M. Guaragna
Texas Bar No 24043308
**DLA PIPER LLP (US)**
401 Congress Avenue, Suite 2500
Austin, TX  78701-3799
Tel: 512.457.7125
Fax: 512.457.7001
john.guaragna@dlapiper.com

Sean Cunningham (*pro hac vice*)
Catherine Huang (*pro hac vice*)
**DLA Piper LLP (US)**
401 B Street, Suite 1700
San Diego, CA  92101-4297
Tel: 619-699-2700
Fax: 619-699-2701
sean.cunningham@us.dlapiper.com
catherine.huang@us.dlapiper.com

Michael D. Jay (*pro hac vice*)
**DLA Piper LLP (US)**
2000 Avenue of the Stars, Suite 400
North Tower
Los Angeles, CA  90067
Tel:  310-595-3000
Fax: 310-595-3300
michael.jay@us.dlapiper.com

Christopher Deck (*pro hac vice*)
**DLA Piper LLP (US)**
33 Arch Street, 26th Floor

9

Boston, MA  02110-1447
Tel:  617.406.6000
Fax: 617.406.6100

***ATTORNEYS FOR DEFENDANT APPLE INC.***

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(i), counsel for Apple has conferred with counsel for Gesture in a good-faith effort to resolve the matter presented herein. Counsel for Gesture opposes the instant Motion.

<em>/s/ John M. Guaragna</em><br>
John M. Guaragna

## CERTIFICATE OF SERVICE

I certify that the foregoing document was filed electronically on December 14, 2021, pursuant to Local Rule CV-5(a) and has been served on all counsel who have consented to electronic service via electronic mail. Any other counsel of record will be served by first class U.S. mail on this same date.

<em>/s/ John M. Guaragna</em><br>
John M. Guaragna