UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| GESTURE TECHNOLOGY PARTNERS, LLC,<br><br>        Plaintiff,<br><br>v.<br><br>APPLE INC.<br><br>        Defendant. | Case No. 6:21-cv-00121-ADA<br><br>**JURY TRIAL DEMANDED** |

**APPLE'S REPLY IN SUPPORT OF OPPOSED MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a)**

I.      INTRODUCTION

The center of gravity of this case is in NDCA.  The Federal Circuit has repeatedly stressed that the most critical factor in the transfer analysis is the convenience of relevant witnesses.  In this case, there are numerous such witnesses in NDCA and none in this District.

Gesture's opposition is premised on the fact that Apple has facilities in Austin and the false narrative that Apple "self-selected" the witnesses identified in its motion.  Although Apple does have a presence in Austin, the likely Apple witnesses based in the United States live and work in NDCA, not in Texas.  Neither Apple nor Gesture has identified a single Apple employee in Austin or anywhere else in Texas who has worked on the accused features of the relevant Apple products.  And none of the accused features were developed in Texas.  Contrary to Gesture's unfounded claim, Apple did not "self-select" the potentially relevant witnesses—rather, these Apple employees and their teams are responsible for designing and developing the accused features and for marketing, licensing, and selling the Apple accused products.  Neither they nor their teams are in Texas.

Because all of the key factors favor transfer and none favor keeping this case in this District, transfer to NDCA is warranted.

II.     NDCA IS CLEARLY THE MORE CONVENIENT VENUE FOR THIS CASE.

      A.    **The Relative Ease Of Access To Sources Of Proof Factor Strongly Favors Transfer.**

"In determining the ease of access to sources of proof, the Court will look to the location where the allegedly infringing products were researched, designed, developed and tested." *XY, LLC v. Trans Ova Genetics, LC*, No. W-16-CA-00447-RP, 2017 WL 5505340, at *13 (W.D. Tex. Apr. 5, 2017); *see also Uniloc USA Inc. v. Box, Inc.*, No. 1:17-CV-754-LY, 2018 WL 2729202, at *3 (W.D. Tex. June 6, 2018).  Here, that location is Apple's Cupertino headquarters,

where the overwhelming majority of the research, design, and development of the accused features took place and continues to take place, with only a handful of team members located outside the United States.  *See* Rollins Decl. ¶¶ 3, 7-17.  The key Apple documents relating to the research, design, development, and operation of the accused features were generated primarily in NDCA, and the relevant source code associated with the accused features was primarily developed there as well.  *Id.* ¶ 7.  In addition, Apple's documents concerning the marketing, sales, and licensing of the accused products are located in NDCA.  *Id.* ¶¶ 18-22.

Gesture argues this factor does not support transfer because Apple employees can access documents remotely if they travel to Texas.  *See* Opp. at 4, 5.  This Court has previously held that although documents may be accessible in this District, this factor does not weigh against transfer where, as here, the documents are located in the transferee district.  *See Koss Corp. v. Plantronics, Inc.*, No. 6:20-CV-00663-ADA, 2021 WL 2075685, at *3 (W.D. Tex. May 20, 2021).  Gesture also argues this factor does not support transfer because some of the key Apple documents were generated outside of NDCA.  *See* Opp. at 4.  But "the fact that some evidence is stored in places other than either the transferor or the transferee forum does not weigh against transfer."  *Juniper Networks*, 14 F.4th 1313, 1321 (Fed. Cir. 2021) (Fed. Cir. 2021).  "What matters is the relative access to sources of evidence in the two competing forums."  *Id.*  Because the overwhelming majority of the sources of proof in this case are in NDCA and none are in this District, this factor strongly favors transfer.

Gesture also points to the fact that Apple has facilities in Austin and Lockhart, Texas.  *See* Opp. at 5-6.  But the employees at those facilities do not work on the accused features, and none of the accused features were developed at those facilities.  *See* Rollins Decl. ¶¶ 3, 7-17.

2

Gesture's claim that there are "likely relevant documents and people with knowledge of relevant facts in Texas" (Opp. at 6) is both speculative and untrue. *See* Rollins Decl. ¶¶ 7-22.

**B.     The Attendance Of Willing Witnesses Factor Strongly Favors Transfer.**

"The convenience of the witnesses is probably the single most important factor" in the transfer analysis (*In re Genentech*, 566 F.3d 1338, 1343 (Fed. Cir. 2009)), and it overwhelmingly favors transfer here. Apple has identified at least ten potential Apple witnesses who are based in NDCA, and none in Texas. *See* Rollins Decl. ¶¶ 7-22. Given that the accused features were developed primarily at Apple's Cupertino headquarters, the likely witnesses who will testify about the accused features are predominantly located there. *Id*. ¶¶ 8-17. The same is true of Apple's likely witnesses who will testify about the marketing and sales of the accused products, as well as the likely witness on Apple's licensing efforts. *Id*. ¶¶ 18-22.

Gesture tries to discount the location of Apple's witnesses by relying on arguments that the Federal Circuit has squarely rejected. First, Gesture argues "the convenience of a party witness is given little weight" in the transfer analysis. Opp. at 10. That is not true—convenience of party witnesses is a significant factor in the transfer analysis. *Juniper Networks*, 14 F.4th at 1319. Second, Gesture argues that the Apple witnesses in NDCA should be discounted because they may not end up testifying at trial. Opp. at 7-9. The Federal Circuit has rejected similar blanket propositions about the likelihood of witnesses being called to testify at trial that are not based on any evidence specific to the case. *See Juniper Networks*, 14 F.4th at 1319. Third, Gesture points to the fact that two of the witnesses Apple identified live and work outside the United States. Opp. at 10. But not every witness needs to be located in the transferee forum for this factor to favor transfer. *See id.* Here, the majority of likely witnesses are in NDCA and none are in this District.

Gesture also attacks the process by which Apple and Mr. Rollins identified the relevant Apple witnesses, falsely claiming the Apple witnesses were "self-selected." Opp. at 7, 9-11.  On the contrary, Apple has identified its employees who work on the research, design, and development of the accused features.  *See, e.g.*, Declaration of Michael Jay, Ex. A (Rollins Tr.) at 29:17-33:21.  Those employees confirmed to Mr. Rollins that neither they nor anyone on their teams who worked on the accused features are located in Texas.  *See* Rollins Decl. ¶¶ 7-17.  Likewise, the witnesses responsible for the marketing and sales of the accused products, and Apple's licensing, confirmed that they and their teams are located in NDCA, not in Texas.  *Id.* ¶¶ 18-22.  As such, Mr. Rollins had no reason to speak with Apple employees in the Austin facilities that Gesture points to in its opposition.

Gesture also surprisingly claims that Apple has not established that it would be more convenient for its witnesses located in NDCA to attend trial in NDCA versus this District.  These witnesses are all a short car ride from the courthouses in NDCA, but more than 1,700 miles from Waco.  This travel burden is not insignificant, and has been cited as a key reason why transfer is often appropriate.  *See In re Volkswagen of Am., Inc.*, 545 F.3d 304, 317 (5th Cir. 2008); *see also In re Acer America Corp.*, 626 F.3d 1252, 1255 (2010).  In addition, Gesture points to the fact that the inventor and prosecuting attorney for the asserted patents—both of whom are over 1,200 miles away from Waco—are marginally closer to Waco than they are to NDCA.  Opp. at 11-12.  Given that both of these witnesses would have to incur significant travel to attend trial in either NDCA or this District, the precise difference in distance to NDCA versus this District is immaterial.  Indeed, Gesture cites no authority to the contrary.

### C.  The Other Practical Problems Factor Is Neutral Or Favors Transfer.

Gesture claims that Apple ignored the only other pending case in this District, *Gesture Technology Partners, LLC v. Lenovo Group Ltd., et al.*, No. 6:21-cv-00122-ADA.  Opp. at 12.

4

That is not true. *See* Mot. at 12-13. In its moving papers, Apple specifically addressed that lawsuit, noting that it is uncertain whether that case will remain in this District given that the defendants have moved to dismiss for improper venue. *Id.* In light of that motion, the existence of the other suit should not be over-weighed. *In re Google Inc.*, No. 2017-107, 2017 WL 977038, at *2 (Fed. Cir. Feb. 23, 2017).

### D. The Administrative Difficulties Factor Is Neutral.

Gesture's opposition ignores that the Federal Circuit recently found that "the Western District of Texas and the Northern District of California show no significant differences in caseload or time-to-trial statistics." *Juniper Networks*, 14 F.4th at 1322. Absent a notable difference in congestion between the two districts, this factor is neutral, even if this Court's proposed schedule would seek to resolve the case at a faster pace. *See id.*; *In re Adobe, Inc.*, 823 F. App'x 929, 932 (Fed. Cir. 2020).

### E. The Local Interest Factor Strongly Favors Transfer.

Gesture's argument on this factor relies solely on Apple's facilities in Austin. Although Apple has a presence in Austin, the likely Apple witnesses are located primarily in NDCA—where the accused features were largely developed—not in Texas. *See* Rollins Decl. ¶¶ 7-22. Courts have rejected similar arguments that a party's "general presence in a particular district" can alone "give that district a special interest in the case." *In re Google*, No. 2021-171, 2021 WL 4592280, at *5 (Fed. Cir. Oct. 6, 2021); *see also Juniper Networks*, 14 F.4th at 1320. "[W]hat is required is that there be 'significant connections between a particular venue and the events that gave rise to a suit.'" *Google*, 2021 WL 4592280, at *5 (citation omitted). Here, the vast majority of the events that gave rise to this lawsuit occurred in NDCA, not in this District. Thus, NDCA, not this District, has a local interest in this case.

### III. CONCLUSION

Because the Northern District of California is clearly the more convenient venue for this dispute, Apple respectfully requests the Court transfer this case to that District.

Dated:  December 17, 2021             Respectfully submitted,


                                                                  */s/ John M. Guaragna*
                                                                  John M. Guaragna
                                                                  Texas Bar No 24043308
                                                                  **DLA PIPER LLP (US)**
                                                                  401 Congress Avenue, Suite 2500
                                                                  Austin, TX  78701-3799
                                                                  Tel: 512.457.7125
                                                                  Fax: 512.457.7001
                                                                  john.guaragna@dlapiper.com

                                                                  Sean Cunningham (*pro hac vice)*
                                                                  Catherine Huang (*pro hac vice*)
                                                                  **DLA Piper LLP (US)**
                                                                  401 B Street, Suite 1700
                                                                  San Diego, CA  92101-4297
                                                                  Tel: 619-699-2700
                                                                  Fax: 619-699-2701
                                                                  sean.cunningham@us.dlapiper.com
                                                                  catherine.huang@us.dlapiper.com

                                                                  Michael D. Jay (*pro hac vice*)
                                                                  **DLA Piper LLP (US)**
                                                                  2000 Avenue of the Stars, Suite 400
                                                                  North Tower
                                                                  Los Angeles, CA  90067
                                                                  Tel:  310-595-3000
                                                                  Fax: 310-595-3300
                                                                  michael.jay@us.dlapiper.com

                                                                  Christopher Deck (*pro hac vice*)
                                                                  **DLA Piper LLP (US)**
                                                                  33 Arch Street, 26th Floor
                                                                  Boston, MA  02110-1447
                                                                  Tel:  617.406.6000
                                                                  Fax: 617.406.6100

                                                                  ***ATTORNEYS FOR DEFENDANT APPLE INC.***

## CERTIFICATE OF SERVICE

I certify that the foregoing document was filed electronically on December 17, 2021, pursuant to Local Rule CV-5(a) and has been served on all counsel whom have consented to electronic service via electronic mail. Any other counsel of record will be served by first class U.S. mail on this same date.

*/s/ John M. Guaragna*
John M. Guaragna
