# EXHIBIT A

# In the Matter Of:

*GTP, LLC vs*

*Apple Inc.*

*MARK ROLLINS*

*November 12, 2021*



```
                                                    1
                                       VOLUME:  I
                                       PAGES:   1-249
                                       EXHIBITS: 1-13



        IN THE UNITED STATES DISTRICT COURT
          FOR THE WESTERN DISTRICT OF TEXAS
                   WACO DIVISION



 GESTURE TECHNOLOGY

 PARTNERS, LLC,

                Plaintiff   C.A. NO.

 vs.                        6:21-cv-00121-ADA

 APPLE INC.,                LEAD CONSOLIDATED CASE

                Defendant




   VIDEOCONFERENCE DEPOSITION of MARK S. ROLLINS,

       as 30(b)(6) designee of APPLE INC.



            Friday, November 12, 2021

                   10:02 a.m.



    ------- Megan M. Castro, RPR, CSR -------

                    Lexitas
          508-478-9795 ~ 508-478-0595 (Fax)
                www.LexitasLegal.com
```

```
                                                                    2
 1   APPEARANCES:

 2   WILLIAMS SIMONS & LANDIS, PLLC
      Michael Simons, Esquire
 3    327 Congress Avenue
      Suite 490
 4    Austin, Texas  78701
      512-543-1354
 5    msimons@wsltrial.com
      on behalf of the Plaintiff
 6

 7   DLA PIPER LLP (US)
      Catherine Huang, Ph.D., Esquire
 8    Michael Jay, Esquire
      401 B Street
 9    Suite 1700
      San Diego, California  92101-4297
10    619-699-2700
      catherine.huang@dlapiper.com
11    michael.jay@dlapiper.com
      on behalf of the Defendant
12

13

14   ALSO PRESENT:

15   Natalie Pous, Esquire, Apple, Inc.

16   Paul Edwards, videographer

17

18

19

20

21

22

23

24
```

```
 1  spoke to them about the feature of Face ID that
 2  is on Apple's products, for example, iPhone, that
 3  was the topic of when we were discussing about
 4  their responsibilities and the team's
 5  responsibilities.
 6  BY MR. SIMONS:
 7      Q.  Other than the people in your declaration
 8  that you have identified as knowing about Face
 9  ID, did you talk to anyone else at Apple to see
10  if they knew about Face ID?
11          MS. HUANG:  Objection to form.  Beyond
12  the scope.
13      A.  What do you mean by "if they knew about
14  Face ID"?  For example, Face ID is a feature on
15  Apple's products.  It is publicly known.
16  BY MR. SIMONS:
17      Q.  So what I am asking is, beyond the people
18  that you talked to in preparing your declaration,
19  did you go out and ask anyone else at Apple if
20  they had information that would be relevant to a
21  case that involved Face ID?
22          MS. HUANG:  Objection to form.  Beyond
23  the scope.
24      A.  If you are talking about did I go and
```

30

1    talk to 100,000 different employees at Apple and
2    if they had any knowledge at all related to Face
3    ID, I did not specifically do that investigation.
4              What I did do is I talked to the folks
5    that were related to the research, design,
6    development of the Face ID feature.  Through my
7    discussions with those individuals, it was clear
8    that they understood that the questions I was
9    asking about is their day-to-day responsibilities
10   and associated with, for example, the Face ID
11   feature.
12             Further then, asked them about where
13   their team was located, where they are located.
14   And through that conversation, it was clear that
15   they were the relevant folks to talk to about the
16   research, design, and development associated with
17   Face ID.
18   BY MR. SIMONS:
19        Q.  So I appreciate that explanation but my
20   question is a little bit different.  I am not
21   asking if you talked to 100,000 employees.  I am
22   asking if you talked to anyone, even one
23   employee, besides the ones listed in your
24   declaration, to see whether any other employee at

31

1     Apple had relevant information about Face ID?
2             MS. HUANG:  Objection to form.  Outside
3     the scope.
4         A.  Again, I think I believe in my
5     declaration I spoke to three different
6     individuals related to Face ID.  And the reason
7     why I talked to those three different individuals
8     was to understand who was responsible and what
9     team was responsible for the research, design,
10    and development associated with Face ID.  Through
11    those conversations, and I believe there is, as I
12    mentioned, three different folks in my
13    declaration related to Face ID.  It was clear
14    from having those conversations with those
15    individuals that they were knowledgeable about
16    the research, design, and development of Face ID.
17            From my perspective, that was a
18    reasonable investigation to understand who is
19    knowledgeable about the research, design, and
20    development associated with Face ID.
21    BY MR. SIMONS:
22        Q.  Did you talk to anyone else, besides the
23    three people that you just mentioned, about
24    whether or not they had information about Face

1    ID?
2          MS. HUANG:  Objection to form.  Beyond
3    the scope and asked and answered.
4          A.  Again, I did not specifically talk to
5    anyone else other than the three individuals that
6    were in my declaration.  Because after talking
7    with them and after a reasonable investigation,
8    they were the ones that were able to provide
9    relevant information in regards to the research,
10   design, and development associated with Face ID.
11   They were able to confirm the location of members
12   on their team.
13         Did I talk to every single person in
14   their team?  I did not.  It did not seem like a
15   reasonable investigation to do that.  The folks
16   that I talked to knew where their teams were
17   located, they are knowledgeable about that
18   specific feature, and there was no need for me to
19   explore any further.
20         As I mentioned before, Apple is very
21   large.  We have over 100,000 employees.  So I did
22   not take it upon myself to try to talk to
23   everybody at Apple.  I talked to the folks that I
24   thought were the most relevant about the

1  research, design, and development associated with
2  Face ID.
3  BY MR. SIMONS:
4       Q.  But you didn't select those people to
5  talk to; correct?
6           MS. HUANG:  Objection to form.
7       A.  Again, I talked to these individuals.
8  And I spoke to them about their responsibilities
9  associated with the research, design, and
10 development of Face ID.
11          So after talking with them, it was clear
12 that they were the right folks to speak to.
13 BY MR. SIMONS:
14      Q.  You did not select those people to talk
15 to.  Someone else selected them; correct?
16          MS. HUANG:  Objection to form.
17      A.  I didn't specifically find these people.
18 However, as I mentioned, I think, several times
19 now, after speaking with them, they were clearly
20 the relevant individuals to speak to about these
21 features and about their team members.
22 BY MR. SIMONS:
23      Q.  What is your -- going back to paragraph 6
24 of your declaration, Exhibit 2 (sic).

34

1        What is the definition of QR scanner that
2   you used when talking to people about and
3   preparing your declaration?
4        MS. HUANG:  Objection to form.
5     A.   Again, you asked the question what is my
6   definition.  But these, for example, Face ID, QR
7   scanner, things of this nature, they are known
8   terms.  So when I talked to the individual, for
9   example, that is knowledgeable about the QR
10  scanner, I didn't specifically define it for that
11  individual.  However, it is a known feature.
12       For example, the QR scanner, it uses, for
13  example, on the iPhone a camera and it looks at a
14  QR code.  And it is able to -- I am not an
15  engineer, I don't exactly know how this happens,
16  but it is able to look at the code and perform
17  other functions through the identification of
18  that code through the camera.
19  BY MR. SIMONS:
20    Q.   What was your understanding, as you were
21  preparing this declaration, of what elements of
22  QR scanner are accused in this case?
23       MS. HUANG:  Objection to form.  Beyond
24  the scope.