# EXHIBIT  2



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 10/893,534 | 07/19/2004 | Timothy R. Pryor | P06410US02/DEJ | 2395 |

881          7590          01/24/2008
STITES & HARBISON PLLC
1199 NORTH FAIRFAX STREET
SUITE 900
ALEXANDRIA, VA 22314

| EXAMINER |
|---|
| MENDIRATTA, VISHU K |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3711 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 01/24/2008 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A (Rev. 04/07)

| *Office Action Summary* | Application No. | Applicant(s) |
|---|---|---|
| | 10/893,534 | PRYOR, TIMOTHY R. |
| | Examiner | Art Unit |
| | Vishu K. Mendiratta | 3711 |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTH(S) OR THIRTY (30) DAYS, WHICHEVER IS LONGER, FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
  Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1)☒ Responsive to communication(s) filed on <u>29 October 2007</u>.

2a)☒ This action is **FINAL**.       2b)☐ This action is non-final.

3)☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims**

4)☒ Claim(s) <u>9-14 and 21-31</u> is/are pending in the application.

4a) Of the above claim(s) _____ is/are withdrawn from consideration.

5)☐ Claim(s) _____ is/are allowed.

6)☒ Claim(s) <u>9-14, 21-31</u> is/are rejected.

7)☐ Claim(s) _____ is/are objected to.

8)☐ Claim(s) _____ are subject to restriction and/or election requirement.

**Application Papers**

9)☐ The specification is objected to by the Examiner.

10)☐ The drawing(s) filed on _____ is/are: a)☐ accepted or b)☐ objected to by the Examiner.

Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).

Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

11)☐ The oath or declaration is objected to by the Examiner. Note the attached Office Action or form PTO-152.

**Priority under 35 U.S.C. § 119**

12)☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

a)☐ All   b)☐ Some * c)☐ None of:

1. ☐ Certified copies of the priority documents have been received.

2. ☐ Certified copies of the priority documents have been received in Application No. _____.

3. ☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

* See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1) ☐ Notice of References Cited (PTO-892)
2) ☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)
3) ☐ Information Disclosure Statement(s) (PTO/SB/08)
   Paper No(s)/Mail Date _____.

4) ☐ Interview Summary (PTO-413)
   Paper No(s)/Mail Date. _____ .
5) ☐ Notice of Informal Patent Application
6) ☐ Other: _____ .

Application/Control Number:                                            Page 2
10/893,534
Art Unit: 3711

## DETAILED ACTION

1.      Claims 9-13,21-28 rejected under 35 U.S.C. 102(b) as being anticipated

by Hedges (4339798)

Hedges teaches monitoring a live game by a TV camera, the game table having

information such as roulette game rules/betting spaces etc., and camera

monitoring while players place game markers (chips). Hedges also teaches a

computer processor (41), identifying and displaying game markers on a live

game display screen (44), establishing co-ordinate system (5:21-26). Applicant

may note that roulette boards are stiff as well known in the art and the limitation

is inherently taught.

As explained in previous office action all casinos are equipped with cameras that

constantly monitor in real time all movements of every casino activity on every

table including identifying all game pieces and their positions. _TV_ Cameras

placed in strategic locations constantly record all casino movements that are

monitored on _monitors 60_. Hedges clearly teaches physical markers at a remote

location "capable of being moved" on a casino table (abstract).  _Newly added_

_limitations  in a computer means phrase only represent intended use "for_

_analyzing", "for recognizing", etc. do not specifically claim structure that would_

_limit the apparatus claimed_.  Limitations With reference to "generating sensation",

such limitations are personal reactions and not part of apparatus.

2.      Claims 9-13,21-28 rejected under 35 U.S.C. 102(b) as being anticipated

by Levy (3909002)

Application/Control Number:                                        Page 3
10/893,534
Art Unit: 3711

Levy teaches playing a game board (100) with markers , a TV camera placed
above a live game board (5:10-31).

3.      Claims 9-13 rejected under 35 U.S.C. 102(e) as being anticipated by
Karmakar (6508709).

Karmakar teaches monitoring a live game by TV camera (60,70,80), the game
table having information (9:46-65) rules etc., and camera monitoring while
players place game markers (cards 76 or game pieces for monopoly type
games). Hedges also teaches a computer processor (41), identifying (Fig.6) and
displaying game markers on a live game display screen (Fig.1C).

4.      Claim 14 rejected under 35 U.S.C. 102(b) as being anticipated by Gilboa
(5853327).

Gilboa teaches a horizontal (Fig.22) display (8), computer means (2), markers
(10), the game being placed at a comfortable height (Fig.22), having image of a
conventional game (11).

5.      Claim 14 rejected under 35 U.S.C. 103(a) as being unpatentable over
Hedges or Karmakar on view of Gilboa (5853327).

Hedges or Karmakar teach all limitations except that they do not teach the game
board being video display. Gilboa teaches a display game board (8). Electronic
display game boards are capable of displaying multiple/variable game
indicia/picture/video and enhance amusement value. In order to make the game
attractive to potential players, it would have been obvious to suggest modifying
game boards to include electronic/video displays. One of ordinary skill in art at

Application/Control Number:                                                    Page 4
10/893,534
Art Unit: 3711

the time the invention was made would have suggested modifying game boards

to include electronic/video displays to attract potential players.

6.      Claims 27 rejected under 35 U.S.C. 103(a) as being unpatentable over

Gilboa.

Gilboa might not expressly indicate playing monopoly. However Gilboa teaches a

preferred embodiment where it can call any game by the game program. In order

to make the game attractive to monopoly type games, it would have been

obvious to provide monopoly games.

One of ordinary skill in art at the time the invention was made would have

suggested any theme including monopoly theme games.

7.      Claims 28 rejected under 35 U.S.C. 103(a) as being unpatentable over

Gilboa in official notice.

Playing games on internet is common in this day and age. In order to attract

potential players, it would have been obvious to make the game available on

internet.

### *Response to Arguments*

Applicant's arguments filed 3/19/07 have been fully considered but they are not
persuasive.
As explained in previous office action all casinos are equipped with cameras that
constantly monitor in real time all movements of every casino activity on every
table including identifying all game pieces and their positions. Cameras placed in
strategic locations constantly record all casino movements that are monitored.
Newly added limitations do not further add any structure to the claimed
apparatus. With reference to "generating sensation", such limitations are
personal reactions and not part of apparatus.

Application/Control Number:                                        Page 5
10/893,534
Art Unit: 3711

*Newly added limitations in a computer means phrase only represent intended use "for analyzing", "for recognizing", etc. do not specifically claim structure that would limit the apparatus claimed.*

1.      **THIS ACTION IS MADE FINAL.** Applicant is reminded of the extension of time policy as set forth in 37 CFR 1.136(a).

A shortened statutory period for reply to this final action is set to expire THREE MONTHS from the mailing date of this action. In the event a first reply is filed within TWO MONTHS of the mailing date of this final action and the advisory action is not mailed until after the end of the THREE-MONTH shortened statutory period, then the shortened statutory period will expire on the date the advisory action is mailed, and any extension fee pursuant to 37 CFR 1.136(a) will be calculated from the mailing date of the advisory action. In no event, however, will the statutory period for reply expire later than SIX MONTHS from the mailing date of this final action.

Any inquiry concerning this communication or earlier communications from the examiner should be directed to Vishu K. Mendiratta whose telephone number is (571) 272-4426. The examiner can normally be reached on Mon-Fri 8AM to 5PM.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, Eugene Kim can be reached on (571) 272-4463. The fax phone number for the organization where this application or proceeding is assigned is 571-273-8300.

Application/Control Number:                                                        Page 6
10/893,534
Art Unit: 3711

Information regarding the status of an application may be obtained from

the Patent Application Information Retrieval (PAIR) system.  Status information

for published applications may be obtained from either Private PAIR or Public

PAIR.  Status information for unpublished applications is available through

Private PAIR only.  For more information about the PAIR system, see http://pair-

direct.uspto.gov. Should you have questions on access to the Private PAIR

system, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-

free). If you would like assistance from a USPTO Customer Service

Representative or access to the automated information system, call 800-786-

9199 (IN USA OR CANADA) or 571-272-1000.


                                                                   Vishu K Mendiratta
                                                                   Primary Examiner
                                                                   Art Unit 3711

VKM
January 8, 2008