IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| GESTURE TECHNOLOGY PARTNERS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> APPLE INC., <br><br> Defendant. | CIVIL ACTION NO. 6:21-CV-00121-ADA <br><br> **JURY TRIAL DEMANDED** |

**PLAINTIFF GESTURE TECHNOLOGY PARTNER LLP.'S RESPONSE TO APPLE INC.'S MOTION TO STAY PENDING RESOLUTION OF
*INTER PARTES* REVIEW OF THE ASSERTED PATENTS**

I.     INTRODUCTION

Plaintiff Gesture Technology Partners LLC ("GTP") files this Opposition in response to Apple Inc.'s ("Apple" or "Defendant") Motion to Stay Pending Resolution of *Inter Partes* Review of the Asserted Patents (the "Motion," Dkt. No. 36).  Apple tries to characterize the Board's institution decisions as decisions on invalidity—because the "PTAB granted institution on all grounds of Apple's IPR[s]," the "PTAB likely will invalidate" the claims.  Mot. at 1-2.  But the fact that the petitions are instituted is of little import because the PTAB is required by law to institute on all claims and all grounds if it finds a "reasonable likelihood" of success on even <u>one</u> ground for <u>one</u> claim.

Staying this case would unduly prejudice GTP, which has invested significant time and resources in the litigation, including on Apple's motion practice, venue discovery, infringement analysis and contentions, and claim construction briefing.  A stay would also run counter to the Federal Circuit's policy in favor of expeditious resolution of cases, prejudicing GTP's recognized interest in the timely enforcement of its patent rights, in favor of proceeding by fits and starts, and increase the risk of losing evidence due to delay.  Dr. Timothy Pryor, GTP's sole member and the inventor on all asserted patents, is an octogenarian with a manifest interest in the timely resolution of the case.

II.    FACTUAL BACKGROUND

GTP filed its complaint against Apple almost a year ago on February 4, 2020, alleging infringement of U.S. Patent Nos. 8,194,924 ("the '924 Patent"), 7,933,431 ("the '431 Patent"), 8,878,949 ("the '949 Patent"), and 8,553,079 ("the '079 Patent") (the "Asserted Patents").  Dkt. No. 1.  GTP served its infringement contentions on July 16, 2021, asserting over 70 claims across the Asserted Patents.  Apple filed a motion to transfer venue on July 30, 2021.  Dkt. No. 21.  After

conducting venue and jurisdictional discovery, GTP filed its response brief on December 1, 2021. Dkt. No. 34. Apple's reply brief was filed on December 17, 2021. Apple served invalidity contentions on October 1, 2021. The parties are also in the middle of claim construction briefing. GTP filed its opening claim construction brief on November 30, 2021. Dkt. No. 33. Apple's claim construction brief is due on December 21, 2021. GTP's reply brief will be filed on January 12, 2022, and Apple's sur-reply brief will be due January 26, 2021. The parties have requested a claim construction hearing on February 4, 2022. *See* Dkt. No. 22 at 3.

In short, much of the heavy lifting in this case is already well underway, and the case is not at a "relatively early stage" as the Motion suggests. Mot. at 1-2. By contrast, Apple seeks to delay the case until at least December 2022 when the Board is scheduled to provide its final written decision, potentially delaying the restart of this case by more than a year if the parties appeal. That delay would be especially prejudicial to GTP as the patents-in-suit are expired and a jury may scrutinize the extra delay as being indicative of a lack of value of the patents.

That the PTAB instituted on all ground is of no moment because the Board is bound by law to institute on "all challenged claims and grounds raised in the Petition." *PGS Geophysical AS v. Iancu,* 891 F.3d 1354, 1360 (Fed. Cir. 2018). The Institution Decisions did nothing more than find that the minimum standard for institution was met—"reasonable likelihood of success." *See* Defendant's Ex. 1, Dkt. No. 36-2, at 19, Ex. 2, Dkt. No. 36-3, at 25, Ex. 3, Dkt. No. 36-4, at 30, Ex. 4, Dkt. No. 36-5, at 27. In other words, the merits of the instituted petitions are just a 50/50 proposition based on institution—one outcome no more likely than the other.

### III.   LEGAL STANDARD

"A district court has the inherent power to control its own docket, including the power to stay proceedings before it." *Multimedia Content Mgmt. Llc v. Dish Network*, No. 6:18-CV-

00207-ADA, 2019 U.S. Dist. LEXIS 236670, at *2-4 (W.D. Tex. May 30, 2019) (Albright, J.). In particular, "the question whether to stay proceedings pending *inter partes* review of a patent is a matter committed to the district court's discretion." *Id.* at *2-4. "The party seeking a stay bears the burden of showing that a stay is appropriate." *Mimedx Grp., Inc. v. Tissue Transplant Tech., Ltd.*, No. SA-14-CA-719, 2015 U.S. Dist. LEXIS 33388, at *4 (W.D. Tex. Jan. 5, 2015) (Hudspeth, J.).

The patent owner has "an interest in the timely enforcement of its patent right." *Id.* (internal quotation marks and citation omitted). "[T]here is no per se rule that patent cases should be stayed pending PTO proceedings, because such a rule 'would invite parties to unilaterally derail litigation.'" *Realtime Data, LLC v. Rackspace US, Inc.*, No. 6:16-CV-00961 RWS-JDL, 2017 U.S. Dist. LEXIS 27421, at *6 (E.D. Tex. Feb. 27, 2017) (Love, J.) (internal quotation marks and citation omitted). "District courts typically consider three factors when determining whether to grant a stay pending *inter partes* review of a patent in suit: (1) whether the stay will unduly prejudice the nonmoving party, (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set, and (3) whether the stay will likely result in simplifying the case before the court." *NFC Techs. LLC v. HTC Am., Inc.*, No. 2:13-CV-1058-WCB, 2015 WL 1069111, at *2 (E.D. Tex. Mar. 11, 2015).

IV.   ARGUMENT

    A.   **Factor 1 – A Stay Would Unduly Prejudice GTP.**

GTP would be prejudiced by a stay in multiple ways. As discussed below, the potential for prejudice to GTP is high given the likelihood of incomplete estoppel resulting from the Board's final written decisions. *See, e.g.*, *Intellectual Ventures II LLC v. Kemper Corp.*, No. 6:16-cv-0081, 2016 U.S. Dist. LEXIS 181431, at *11 (E.D. Tex. Nov. 7, 2016) (Gilstrap, J.) (agreeing that "the

lack of statutory estoppel tips the prejudice factor against a stay"). A stay would also be highly prejudicial to GTP because of its undeniable interest in the timely enforcement of its patent rights. "A patent holder has an interest in the timely enforcement of its patent right," even when the patent holder has only sought monetary relief. *USC IP P'ship, L.P. v. Facebook, Inc.*, No. 6:20-CV-00555-ADA, Dkt. No. 66, at *3 (W.D. Tex. July 23, 2021) (Albright, J.) (citing *MiMedx Group, Inc. v. Tissue Transplant Tech. Ltd.*, 2015 WL 11573771, at *2 (W.D. Tex. Jan 5, 2015)); *see also Intellectual Ventures I LLC v. T Mobile USA, Inc., et al.*, No. 2:17-cv-00577-JRG, 2018 U.S. Dist. LEXIS 239587, at *6 (E.D. Tex. Dec. 13, 2018) (Gilstrap, J.) ("It is well established that Plaintiff's timely enforcement of its patent rights is entitled to some weight, even if that factor is not dispositive."). Additionally, the IPR timeframe may be extended even further depending on whether there are appeals. *See Network-1 Sec. Sols., Inc. v. Alcatel- Lucent USA Inc.*, No. 6:11-CV-492, 2015 U.S. Dist. LEXIS 31452, at *22 n.8 (E.D. Tex. Jan. 5, 2015) (Mitchell, J.) (additional delay imposed by appeals is considerable and maintaining a stay through such appeals would be very costly). Granting a stay could result in the underlying litigation not restarting until sometime in 2024. That would be four years after the complaint was filed. Because the patents-in-suit have now expired (and would be expired for four years in 2024), GTP would likely experience prejudice in that the jury could likely equate the period of expiration with a lack of value of the patents. Dr. Pryor's seniority also militates in favor of denying the Motion. Granting the requested stay would only further delay USC's legitimate interest in having its long-awaited day in court.

### B.     Factor 2 - The Case Has Already Reached a Reasonably Advanced Stage.

If "the court has expended significant resources, then courts have found that this factor weighs against a stay." *USC IP P'ship, L.P*, No. 6:20-CV-00555-ADA, Dkt. No. 66, at *3-4 (citing

4

*CANVS Corp. v. U.S.*, 118 Fed. Cl. 587, 595-96 (2014)).  As shown above at Section I *supra*, the Motion should also be denied because the litigation has already reached a reasonably advanced stage and the Court has expended significant resources.

Contrary to Apple's assertion that there is no scheduling order in this case, the parties filed the Agreed Scheduling Order more than four months ago on August 6, 2021.  *See* Dkt. No. 22. The parties are well into the claim construction process and anticipate a claim construction hearing on February 4, 2022.  *See id.* at 3.  Fact discovery will open on February 7, 2022.  *Id*.  This case has an estimated trial date of March 27, 2023.  *Id*.  In short, the heavy lifting in this case is well underway, and it is hardly at a "relatively early stage," as Apple represents.  Mot. at 5-6.  By contrast, Apple seeks to delay the case at least until December 2022 when the Board renders its last decision on Apple's IPRs—and potentially longer if there are appeals.  Despite filing its first IPR on April 18, 2021, Apple waited almost eight months to request a stay.

### C. Factor 3 - A Stay Would Not Assuredly Simplify The Issues In This Case.

In considering whether to grant a stay pending *inter partes* review, "the most important factor bearing on whether to grant a stay in this case is the prospect that the *inter partes* review proceeding will result in simplification of the issues before the Court."  *USC IP P'ship, L.P.*, No. 6:20-CV-00555-ADA, Dkt. No. 66, at *4  (quoting *NFC Techs. LLC v. HTC Am.*, Inc., No. 2:13-CV-1058-WCB, 2015 U.S. Dist. LEXIS 29573, at *12 (E.D. Tex. Mar. 11, 2015) (Bryson, J.)). Despite Apple's arguments, a stay would not simplify the issues before the Court for two primary reasons:  (1) it would not fully limit the issues to be argued before the Court because Apple would only be estopped from presenting the grounds included in the *inter partes* review or those that could have been reasonably raised; and (2) Apple has not shown that all (or any) claims of the Asserted Patents will be found unpatentable.

First, the case should not be stayed pending resolution of *inter partes* review because a stay would not estop Apple from challenging the validity of the asserted claims on grounds other than those that were raised or could have reasonably been raised in the IPRs.  In 35 U.S.C. § 315, Congress defined the relationship between *inter partes* review proceedings and civil cases:

> The petitioner in an inter partes review of a claim in a patent under this chapter [35 USCS §§ 311 et seq.] that results in a final written decision under section 318(a) [35 USCS § 318(a)], or the real party in interest or privy of the petitioner, may not assert either in a civil action arising in whole or in part under section 1338 of title 28 or in a proceeding before the International Trade Commission under section 337 of the Tariff Act of 1930 [19 USCS § 1337] that the claim is invalid on any ground that the petitioner raised or reasonably could have raised during that inter partes review.

35 U.S.C. § 315(e)(2).  Apple argues that "even if some of the asserted claims survive the IPRs, the scope of the parties' dispute in this case will be narrowed as a result of the IPR proceedings." Mot. at 8.  But "IPR estoppel applies only to invalidity grounds that 'could be raised under section 102 or 103 and only on the basis of prior art consisting of patents or printed publications.'" *CliniComp Int'l, Inc. v. Athenahealth, Inc.*, No. A-18-CV-00425-LY, 2020 U.S. Dist. LEXIS 224361, at *5 (W.D. Tex. Oct. 28, 2020) (Yeakel, J.) (internal quotation marks and citations omitted).  The limitation on arguing invalidity based only on patents or printed publications "may not actually simplify the issues at all" because in district court, "regardless of any estoppel, defendants have considerable latitude in using prior art systems (for example, software) embodying the same patents or printed publications placed before the PTO in IPR proceedings." *Intellectual Ventures II LLC*, 2016 U.S. Dist. LEXIS 181431, at *11 (Gilstrap, J.) (emphasis added).

Apple's invalidity arguments at the PTAB rely on 10 references.  In contrast, Apple relies on 75 references in its invalidity contentions in this case, only 10 of which are at issue in the *inter partes* review.  While Apple may be estopped from relying on some of the 75 references they have

6

asserted in this case, if they could have been raised at the PTAB, a number of Apple's cited references are system prior art that are not subject to the estoppel limitations. If anything, staying the case would only increase the number of references that Apple argues.

Second, the case should not be stayed pending resolution of *inter partes* review because Apple has not shown that any of the challenged claims will be found unpatentable. In its argument that a stay may simplify the issues, Apple superficially cites to the institution decisions, stating that "the PTAB explicitly found Apple has a reasonable likelihood of invalidating every claim Gesture has asserted." Mot. at 8 (emphasis added). But that language is required by law. *See* 35 U.S.C. 314(a) ("The Director may not authorize an inter partes review to be instituted unless the Director determines that the information . . . shows that there is a reasonable likelihood that the petitioner would prevail with respect to at least 1 of the claims challenged in the petition." (emphasis added). Thus, the language that Apple repeats and relies on is taken straight from the statute itself: it is not evidence of the purported strength of any petition.

The Chief Judge of the PTAB at the time the IPR statute was enacted explained what "reasonable likelihood" means: "The reasonable likelihood standard allows for the exercise of discretion but encompasses a 50/50 chance whereas the 'more likely than not' standard requires greater than a 50% chance of prevailing." *See* Official 2012 message from the Chief Judge of the PTAB, available at https://www.uspto.gov/patents/laws/america-invents-act-aia/message-chief-judge-james-donald-smith-board (last accessed December 16, 2021) (emphasis added). It is because the IPR statute requires a finding of "reasonable likelihood" that courts have concluded post-*SAS* that defendants seeking a stay must show that "the Board is likely to invalidate every asserted claim—a showing that requires more than just pointing to a successful petition." *Scorpcast, LLC v. Boutique Media Pty Ltd.*, No. 2:20-cv-00193-JRG-RSP, 2020 U.S. Dist. LEXIS

7

240196, at *8 (E.D. Tex. Dec. 22, 2020) (emphasis added). This requirement makes sense because a successful petition has no better than a 50/50 chance when the PTAB only finds a "reasonable likelihood."

The burden on Apple's Motion plainly requires more. For example, in *Arbor Global Strategies*, the Court held that the defendant "must point to more than a successful petition to show that the Board is likely to invalidate every asserted claim." *Arbor Global Strategies LLC v. Samsung Elecs. Co.*, Case No. 2:19-cv-00333-JRG-RSP, 2021 U.S. Dist. LEXIS 2434, at *7 (E.D. Tex. Jan. 7, 2021 (Payne, J.) (emphasis added). There, the Court found that Samsung could meet that burden because the PTAB "expressly noted that [Defendant] sets forth a strong showing of unpatentability on the challenged claims." *Id.* at 8 (internal citation and quotation marks omitted) (emphasis added). The PTAB did the exact opposite here, expressly stating that it "the Board has not made a final determination as to the patentability of any challenged claims or any underlying factual or legal issues." Defendant's Ex. 4, Dkt. No 36-5, at 27. GTP respectfully submits that the Motion should be denied in full.

### V.     CONCLUSION

For the foregoing reasons, GTP respectfully requests that the Court deny Apple's Motion to Stay Pending Instituted *Inter Partes* Review of All Asserted Claims.

Dated: December 21, 2021              Respectfully submitted,

                                      By: /s/ Fred I. Williams
                                      Fred I. Williams
                                      Texas State Bar No. 00794855
                                      Michael Simons
                                      Texas State Bar No. 24008042
                                      WILLIAMS SIMONS & LANDIS PLLC
                                      601 Congress Ave., Suite 600

Case 6:21-cv-00121-ADA   Document 39   Filed 12/21/21   Page 10 of 11

Austin, TX 78701
Tel: 512-543-1354
fwilliams@wsltrial.com
msimons@wsltrial.com

Todd E. Landis
State Bar No. 24030226
WILLIAMS SIMONS & LANDIS PLLC
2633 McKinney Ave., Suite 130 #366
Dallas, TX 75204
Tel: 512-543-1357
tlandis@wsltrial.com

*Attorneys for Plaintiff*
*Gesture Technology Partners, LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on December 21, 2021 the undersigned caused a copy of the foregoing document to be served on all counsel of record via the Court's CM/ECF system, pursuant to the Federal Rules of Civil Procedure.

*/s/ Fred I. Williams*
Fred I. Williams
