# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| GESTURE TECHNOLOGY PARTNERS, LLC,<br><br>            Plaintiff,<br><br>v.<br><br>APPLE INC.<br><br>            Defendant. | Case No. 6:21-cv-00121-ADA<br><br>**JURY TRIAL DEMANDED** |

**APPLE INC.'S REPLY IN SUPPORT OF ITS MOTION TO STAY PENDING RESOLUTION OF *INTER PARTES* REVIEW OF THE ASSERTED PATENTS**

**I.      INTRODUCTION**

The PTAB has instituted *inter partes* review of all claims of the four patents Gesture asserts against Apple.  With the most resource-intensive portion of this case yet to come—claim construction hearing, fact and expert discovery, summary judgment, and potentially pretrial and trial—the Court should stay this case to conserve the Court's and parties' resources.

Gesture has no reasoned basis to challenge that each of the relevant factors favors a stay here.  Gesture attempts to dismiss the significance of the four IPRs by arguing it is not likely that any of the asserted claims will be invalidated.  Its argument, however, is belied by the fact that for each and every claim, the PTAB provided detailed reasoning as to why Apple is reasonably likely to prevail, as well as by recent statistics from the PTAB showing that one or more claims of instituted IPRs are invalidated approximately 80 percent of the time.

Gesture's other arguments are likewise not credible.  Gesture argues that Apple's motion comes too late, having "waited almost eight months to request a stay."  But Apple filed this motion just <u>one day</u> after the PTAB instituted the last of the four IPRs, when the parties have only just begun claim construction briefing.  Apple's motion is therefore remarkably prompt.  Gesture also claims that "staying the case would only increase the number of [prior art] references that Apple argues."  The opposite is true.  Given that the majority of the prior art Apple cites in its invalidity contentions are patents or printed publications, estoppel under 35 U.S.C. § 315(e) would <u>reduce</u>, not increase, the number of prior art references that Apple could assert if any claims survive IPR, thereby simplifying the case.

Gesture's arguments simply do not pass muster.  Because each of the stay factors strongly favors a stay, the Court should grant Apple's motion or, in the alternative, grant Apple's pending motion to transfer (Dkt. No. 21) and permit the transferee court to consider this motion to stay.

1

## II.   ARGUMENT

### A.   Factor No. 1—Gesture Has Not Articulated Any Undue Prejudice As A Result Of A Stay.

The first factor, whether the stay will unduly prejudice the nonmoving party, favors a stay, because granting a stay will not prejudice Gesture.  As Apple demonstrated in its opening brief, numerous courts have held that delay caused by the IPR process, without more, does not justify denying a stay.  *See e-Watch, Inc. v. ACTi Corp., Inc.*, No. SA-12-CA-695-FB, 2013 WL 6334372 at *8-9 (W.D. Tex. Aug. 9, 2013); *Micrografx, LLC v. Google, Inc.*, No. 3:13-cv-3595, 2014 WL 12580455, at *1 (N.D. Tex. July 9, 2014).  In addition, courts have granted stays where, as here, a plaintiff does not seek injunctive relief, because any purported prejudice arising from a stay can be remedied by monetary relief.  *See*, *e.g.*, *Micrografx*, 2014 WL 12580455, at *2; *Emp't Law Compliance, Inc. v. Compli, Inc.*, No. 3:13-cv-3574, 2014 WL 3739770, at *2 (N.D. Tex. May 24, 2014).

Gesture does not address any of these decisions, instead making the generic claim that Gesture has an interest in the "timely enforcement of its patent rights."  ECF No. 39 at 4.  The four asserted patents, however, issued between 2011 and 2014, and all of them expired between May and December 2020.  *Id*.  Gesture then waited three months after the last of the patent expired—until February 2021—to file this suit.  ECF No. 1.  Gesture accuses Apple products that were released starting in 2015 (*e.g.*, iPhone 6S and iPad mini 4)—over five years before Gesture's patents expired and it filed this lawsuit—so if Gesture really was concerned about the "timely enforcement" of its expired patents, it could have filed suit years ago.  Waiting six years after the release of the first accused products to file suit on expired patents is the opposite of "timely enforcement," so Gesture's complaints about nonexistent prejudice carry no weight.  Furthermore, because the asserted patents are expired, damages will <u>not</u> accrue during the stay,

2

so even from a monetary perspective, the only thing that could even arguably accrue during the stay is interest.  That does not constitute prejudice.  In addition, Gesture does not seek an injunction, nor could it given that the patents are all expired.

Gesture also argues the Court should consider the age of Mr. Pryor, Gesture's founder and the inventor of the asserted patents, in the stay analysis.  *Id*.  But again, if Mr. Pryor's age were truly a concern here, Gesture presumably could have filed this suit in 2015 when Apple released the first of the accused products.  Given the years-long passage of time between that product release and Gesture's complaint, Gesture cannot demonstrate prejudice from a relatively short stay while the Patent Office considers the validity of Gesture's expired patents.  And in any event, any minimal prejudice to Gesture cannot outweigh the other two factors, both of which strongly favor a stay.  *See Kirsch Research and Dev., LLC v. Tarco Specialty Prods., Inc.,* No. 6:20-cv-00318-ADA, 2021 WL 4555804, at *7 (W.D. Tex. Oct. 4, 2021) ("The Court finds that, in this case, the simplification-of-issues factor overwhelms the other two factors.")

      **B.**     **Factor No. 2—This Case Is In Its Early Stages.**

Gesture argues that this litigation has "reached a reasonably advanced stage" (ECF No. 39 at 4-5), but the reality is that the parties have not done anything more than preliminary contentions and opening claim construction briefs.  Still to come in the case is the claim construction hearing, fact and expert discovery, dispositive motions, and potentially pretrial motions and submissions, trial preparation, and trial itself.  To claim that the case is in a "reasonably advanced stage" when none of these phases of the case have even begun is disingenuous.  These portions of the case will unquestionably involve far more of the Court's and the parties' resources than have been expended so far.  Under any objective measure, this case is still in its early stages.

### C. Factor No. 3—A Stay Will Greatly Simplify The Issues In This Case.

"[T]he most important factor bearing on whether to grant a stay in this case is the prospect that the *inter partes* review proceeding will result in simplification of issues before the Court." *Kirsch*, 2021 WL 4555610, at *3 (citing *NFC Tech.*, 2015 WL 1069111, at *4). Here, a stay will simplify the issues and streamline or even eliminate trial, thereby reducing the burden on the Court and the parties. Thus, the final factor strongly favors a stay.

Gesture argues that this factor does not favor a stay because Apple has not shown with an extremely high degree of certainty that all of the challenged claims will be invalidated. ECF No. 39 at 7-8. That is not the standard. The proper standard is whether it is <u>likely</u> that the PTAB will invalidate each asserted claim. *Kirsch*, 2021 WL 4555610, at *6. Apple has shown that here. In its institution decisions for the asserted patents, the PTAB provided a detailed analysis for <u>every claim</u> explaining why Apple was reasonably likely to prevail on invalidating that claim. *See* Huang Decl, Exs. 1-4. This analysis, along with the PTAB statistics showing the high rate at which the PTAB invalidates challenged claims in instituted IPRs (*see* ECF No. 36 at 6 n. 2), demonstrates the high likelihood the PTAB will invalidate the asserted claims of all four patents. The fact that, as Gesture points out, the PTAB has not yet made a final determination on the patentability of the claims, is immaterial. *See Kirsch*, 2021 WL 4555610, at *3 (finding the simplification of issues factor to favor a stay where the PTAB institution decision "explicitly found there was a reasonable likelihood of invalidating" the asserted claims); *Uniloc USA Inc. v. LG Elecs. U.S.A. Inc.*, No. 18-cv-06737-JST, 2019 WL 1905161, at *3 (N.D. Cal. Apr. 29, 2019)

Moreover, as Apple demonstrated in its opening brief, even if the IPR proceedings result in the cancellation of only some of the asserted claims, the issues before the Court still will be simplified. ECF No. 36 at 7-8 (citing *Contour IP Holding, LLC v. GoPro, Inc.*, No. 17-cv-04738-WHO, 2018 WL 6574188, at *3 (N.D. Cal. Dec. 12, 2018)). For example, the IPR

proceedings would simplify prior art-related discovery, trial, and dispositive briefing on invalidity. Gesture ignores this potential simplification of the case.

In addition, to the extent the PTAB does not invalidate all challenged claims, the case would further be simplified because Apple would be estopped from asserting invalidity based on certain categories of prior art. 35 U.S.C. § 315(e). Thus, even if some of the asserted claims survive IPR, the scope of the parties' dispute will be narrowed as a result of the IPR proceedings. Gesture discounts this narrowing by pointing out that Apple will still be able to assert invalidity based on system prior art. ECF No. 39 at 6, 7. While it is true that Apple would be able to assert system prior art, the system prior art that Apple identified in its invalidity contentions is a small fraction of the total prior art it identified. Thus, it cannot be disputed that a stay pending IPR proceedings would significantly reduce the prior art available for Apple to assert, thereby simplifying the issues in the case.

## III. CONCLUSION

Because all factors strongly favor a stay, Apple respectfully requests that the Court stay this case pending resolution of the IPR proceedings for all asserted claims of the four asserted patents.

Dated:  December 28, 2021

Respectfully submitted,

*/s/ Michael D. Jay*
Michael D. Jay (*pro hac vice*)
**DLA Piper LLP (US)**
2000 Avenue of the Stars, Suite 400
North Tower
Los Angeles, CA  90067
Tel:  310-595-3000
Fax: 310-595-3300
michael.jay@us.dlapiper.com

John M. Guaragna
Texas Bar No 24043308
**DLA PIPER LLP (US)**

5

        401 Congress Avenue, Suite 2500
        Austin, TX  78701-3799
        Tel: 512.457.7125
        Fax: 512.457.7001
        john.guaragna@dlapiper.com

        Sean Cunningham (*pro hac vice)*
        Catherine Huang (*pro hac vice*)
        **DLA Piper LLP (US)**
        401 B Street, Suite 1700
        San Diego, CA  92101-4297
        Tel: 619-699-2700
        Fax: 619-699-2701
        sean.cunningham@us.dlapiper.com
        catherine.huang@us.dlapiper.com

        Christopher Deck (*pro hac vice*)
        **DLA Piper LLP (US)**
        33 Arch Street, 26th Floor
        Boston, MA  02110-1447
        Tel:  617.406.6000
        Fax: 617.406.6100

        ***ATTORNEYS FOR DEFENDANT APPLE INC.***

## **CERTIFICATE OF SERVICE**

I certify that the foregoing document was filed electronically on December 28, 2021, pursuant to Local Rule CV-5(a) and has been served on all counsel who have consented to electronic service via electronic mail. Any other counsel of record will be served by first class U.S. mail on this same date.

*/s/ Michael D. Jay*
Michael D. Jay
